## HEWITT *v.* COX.

Decided March 28, 1891.

1. *Dower—Mortgaged land.*
   Where a widow had joined her husband in the execution of a mortgage of his land, she is entitled to dower therein subject to the mortgage, and cannot require the administrator to apply the personal estate to relieve the land from the encumbrance.

2. *Dower in pledged chattels.*
   A widow is entitled to dower in the equity of redemption of chattels which have been pledged by her husband.

3. *Assignment of dower—Parties.*
   In a suit by a widow to have dower assigned in personalty, one who has a lien or charge thereon is a necessary party.

4. *Dower in personalty*—Lex domicilii.
   A widow's right of dower in personalty, wherever situated, is determined by the laws of her husband's last domicile, and should be allotted to her as therein provided.

5. *Dower—Personalty in another State.*
   The refusal of the probate court to allow to a widow out of personalty in the hands of the domiciliary administrator a sum in value equal to her dower interest in her husband's personalty in another State is not erroneous where the value of such personalty is not shown, and such step does not appear necessary to protect her rights against prejudicial complications with foreign administrators or distributees.

APPEAL from *Pulaski* Chancery Court.

DAVID W. CARROLL, Chancellor.

*U. M. & G. B. Rose* and *P. C. Dooley* for appellant.

1. The evidence shows that N. G. Hewitt was a citizen of this State at the time of his death. 5 Am. & Eng. Enc. Law, 857; 43 Ark., 549; 3 Gray, 495; 7 *id.*, 299;. 3 H. & N., 594; 1 Wall. Jr., 265; 6 How., 185; 124 Mass., 146; 5 Vesey, 786; 1 Flippin, 536; 10 Pick., 99; 4 Wash., 101; 1 Woodb. & M., 7; 6 How., 185; 8 Cr., 281; 21 How., 103; 14 *id.*, 423.

2. So far as the real estate is concerned, the personal property belonging to the estate should be applied to remove any encumbrance that may rest upon said real estate, in exoneration of the widow's dower. 1 Bish., Mar. Wom.,

sec. 604; 2 Jones, Mortg., sec. 1067; 1 *ib.*, sec. 114; Mansf. Dig., sec. 2592; 25 Ark., 277; Mansf. Dig., sec. 171; 2 Woerner, Adm., sec. 494; 3 Williams, Ex., 1694; *ib.*, Am. note (*r*); 3 Gray, 207; 11 Allen, 139; 1 Scrib., Dower, 550; 3 Ohio St., 766; 28 *id.*, 503. It being the duty of the administrator to pay the debts, secured and unsecured alike, out of the personal estate, the widow's dower on payment of the mortgage debt becomes reinstated, as of course. 10 Rich., Eq., 285; 2 Hill, Chy., S. C., 250; 3 Metc. (Ky.), 578, 581; 1 R. I., 22, 25; 69 N. C., 67; 15 N. H., 38; 15 Mass., 278; 17 *id.*, 564; 13 *id.*, 525. On the question of the exoneration of the widow's dower, see also 1 Md. Chy., 202; 35 Ala., 497; 57 Ind., 580; 25 *id.*, 274; 49 *id.*, 114; 100 Mass., 224; 3 Paige, 513; 2 Jones, Eq., N. C., 357; Park on Dower, 350. Our statute makes our contention very plain. Mansf. Dig., sec. 2574; *ib.*, 2575; 61 Mich., 621.

3. As to the personal property that was pledged, the court erred in holding that the widow should contribute one-half of the amount for which it was pledged before she could have dower therein. The statute says she shall be endowed of " one-half of the personal estate absolutely and in her own right." Mansf. Dig., sec. 2592. By the pledge no title passed to the pledgee. 32 Ark., 747. The debt was the debt of the husband only. To give the widow dower in the choses in action that were pledged *cum onere* was not to give it to her *absolutely*. The rights of the pledgee are not involved in this suit.

4. If this was the domicile of the deceased, the succession as to the personal property, wherever situated, is governed by the laws of this State. 42 Ark., 164.

*Dodge & Johnson* for appellees.

1. Nelson G. Hewitt, at the time of his death, was a citizen of New York, and the succession as to the personalty is governed by the laws of that State. The administration in Arkansas is ancillary. 34 Ark., 131; 42 *id.*, 166; 16 *id.*, 263; 9 Wall., 741; 129 Mass., 246; 3 Pa., 187; 44 Mass.,

114; 8 Pick., 475; 2 Mass., 384; 11 *id.*, 263–4; 13 Pick., 23; 40 Miss., 179. The domicile of deceased was in New York. 43 Ark., 549; Story, Confl. of Laws, sec. 44; 20 N. Y., 103; 42 Mass., 252; 5 Vesey, 760; 22 Mass., 375; 8 Pick., 477; 1 Stark., Ev., 307; 7 East, 279; 10 *id.*, 109; 15 East, 32; 11 *id.*, 504; 9 Allen, 214; 1 Wend., 43; 19 *id.*, 11; 1 Seld., 428; 19 Md., 97; 1 Am. Ld. Cases, 747; 3 Wash., 546; 4 *id.*, 609; *ib.*, 514; 1 Brock., 389; 14 How., 400; 21 How., 153; 36 N. J. L., 221; 13 Man., 232; 8 Wend., 134; 2 Cal., 318; Jarman on Wills, vol. 1, p. 18; 4 Kas., 232; 5 Greene, 143, 396; 5 Md., 186; 15 Beav., 444; 21 L. T. (N. S.), 610; 19 Kas., 176; 10 H. L. Cases, 272; 10 Jur. (N. S.), 717; 1 Jarman on Wills, p. 20, note 13; 21 Wall., 353; 8 Cr., 390; 20 John., 210.

2. The court erred in holding that Mrs. Hewitt was entitled to dower in the funds pledged to Reeve. As to these Hewitt did not die seized. He had parted with the ownership and possession. See 27 Ark., 556; 31 *id.*, 399; 32 *id.*, 444; 51 *id.*, 45.

3. The court did not err in assigning the widow dower in the city lot *cum onere.* It was not the duty of the administrator to remove the encumbrance for her benefit, or in exoneration of her dower. 16 Atl. Rep., 669; 5 John. Chy., 452; 1 *ib.*, 45; 5 *id.*, 513. She was dowable only in the equity of redemption. 40 Ohio St., 394; 35 Hun., 127; 48 Barb., 457; 10 Paige, 164; 13 Mass., 167; 10 *id.*, 364; 3 Pick., 152; 15 N. H., 38; 9 Foster, 464; 1 Washb. R. P., p. 186, sec. 21, and p. 188, sec. 23; 17 Me., 369; 54 Mass., 137; 21 Oh. St., 515; 1 Scribner on Dower, pp. 488, 521.

*P. C. Dooley* and *U. M. & G. B. Rose* for appellant, on motion for modification.

The personal property must be administered according to the laws of this State. 42 Ark., 164. When the personal property has been disposed of by the executor or cannot be reached by legal process, the widow's claim for dower is not defeated, and stands as any other claim against the estate.

19 Ark., 440; 52 *id.*, 8; 32 *id.*, 576; 33 *id.*, 306; 40 *id.*, 25.

*Dodge & Johnson* for appellees.

The widow is entitled to dower to be carved out of the specific estate. 5 Ark., 614. The duty of the ancillary administrators is pointed out in 42 Ark., 164. She would then be entitled to dower out of the residuum when paid over to the principal administrator here. 16 Ark., 265; 30 *id.*, 242; 31 *id.*, 541; 34 *id.*, 131. Mrs. Hewitt, under these decisions, is not entitled to dower in the personalty in New York until the estate is wound up there, the debts due there paid, and the residuum paid to the administrator here.

BATTLE, J. On the 30th day of May, 1887, Laura S. Hewitt, widow of Nelson G. Hewitt, filed a petition in the probate court of Pulaski county, in which she stated, among other things, that her husband had died on the 6th of February, 1887, a citizen of the State of Arkansas, and a resident of Pulaski county; that he left a last will and testament, by which he made Sandford Hewitt, H. N. Hewitt, John P. Hewitt, Louisa Hewitt and Ann Eliza Hewitt, citizens of the State of New York, his devisees and legatees; that the probate court of Pulaski county, on the 19th of February, 1887, appointed N. W. Cox administrator of his estate, and that he is acting as such administrator; that she had conveyed, by deed of release, to the heirs, devisees and legatees of the deceased the devises and legacies which were left to her under the will; and that the deceased left certain lands and personal property, described in the petition, at the time of his death; and asked that dower be assigned to her in such property.

Cox, as administrator, the heirs, the executors of the will, and the devisees and legatees of the deceased were made defendants. John P. Hewitt, one of the devisees and legatees, answered and denied that the deceased was a citizen and resident of the State of Arkansas, and alleged that he was a citizen of the State of New York, and was domiciled in Peru in that State, when he died; that he left a

last will and testament, and that it had been admitted to probate in New York; that letters testamentary had been taken out, and his estate was in the course of administration in that State; that the estate was being administered in Arkansas; that the administration in this State is ancillary; and that the personal property should be disposed of according to the laws of New York.

The probate court assigned to petitioner dower in the personalty and realty of the deceased, and Hewitt and Cox appealed to the Pulaski circuit court. On the trial in the circuit court evidence to show where the domicile of the deceased was at the time of his death was adduced. It was proved that he left no children, and that he died seized and possessed of real estate in this State, and that of this estate one city lot was encumbered by a deed of trust executed by the deceased, in his life time, to George E. Dodge, as trustee, to secure a debt that he owed to Mrs. Van Horn, and that petitioner as his wife had joined in the execution of it, and thereby relinquished all her claim or possibility to dower in the lot, and had acknowledged the deed in legal form; that something over $4000 in scrips were placed in the hands of David Reeve by the deceased to sell and pay the proceeds to Mrs. Van Horn on his debt to her; and that, to this end, the deceased gave to Dodge, as trustee, an order on Reeve for the amount of the scrips, which Dodge presented, and Reeve promised to honor it by paying the proceeds of such sale to the trustee. It was also shown that $3000 in the bonds of Jefferson county were pledged by the deceased to P. C. Dooley, as trustee, to secure a debt that he owed to Mrs. Stoddard.

The court found that the domicile of the deceased, at the time of his death, was in the State of Arkansas; and set apart to the petitioner, as dower in the real estate, the city lot, subject to the encumbrance of the deed of trust, and one-half of the money and scrips in the hands of Reeve, and one-half of the bonds pledged to Dooley, subject to he charges on them; and refused to direct the administrator

to appropriate any part of the personal property in his hands to the removal of the encumbrances on the property so set apart, in exoneration of her dower. From this judgment petitioner and Cox and Hewitt have appealed.

Four questions are presented for our consideration :

First. Was the domicile of the deceased in the State of Arkansas ?

Second. Should the personal property belonging to the estate of Hewitt be applied to remove the encumbrance that rested upon the lot that was set apart to the widow, in exoneration of her dower ?

Third. Should the widow contribute one-half of the amount for which the bonds were pledged before she can have dower therein ?

Fourth. Was she entitled to one-half the funds placed in the hands of Reeve free of encumbrance or charge ?

1. As to the domicile the evidence is voluminous and conflicting. In any view that may be taken of what is necessary to constitute a domicile or change of domicile there is sufficient evidence to sustain the judgment of the court.

2. Is Mrs. Hewitt entitled to have the dower set apart to her in the real estate of her husband redeemed by his administrator ?

1. Dower in mortgaged land. In England the courts have held that, at common law, the widow was not entitled to dower in the land of the husband, which she had joined him in mortgaging in fee, unless the legal estate in the land had again become vested in the husband before his death. The reason was, they regarded the estate of dower as a strictly legal right, attaching only upon a legal seisin, and the right of redemption as a mere equitable title. But the American courts have generally refused to follow the English courts in this respect; and hold that the widow is entitled to dower in such lands against every one except the mortgagee and his assigns. But they differ as to her right to require the executor or administrator to redeem the land set apart to her as dower from encumbrances thereon, which were created by mortgages executed

by her and her husband to secure his debts, she having relinquished her right to dower in the land in legal form. One class holds that the personal estate of the husband is primarily liable for his debts, and that the widow can require his personal representative to apply that estate to relieving the dower land from the encumbrances. *Campbell* v. *Campbell*, 30 N. J. Eq., 415; *Henagan* v. *Harllee*, 10 Rich., Eq., 285; *Klinck* v. *Keckley*, 2 Hill, Ch. (S. C.), 250; *Mantz* v. *Buchanan*, 1 Md. Ch., 202; *Harrow* v. *Johnson*, 3 Met. (Ky.), 578; *Mathewson* v. *Smith*, 1 R. I., 23; *Peckham* v. *Hadwen*, 8 R. I., 160; *Campbell* v. *Murphy*, 2 Jones, Eq. (N. C.), 357; *Creecy* v. *Pearce*, 69 N. C., 67; *Mandel* v. *McClave*, 46 Ohio St., 407; *Boynton* v. *Sawyer*, 35 Ala., 497. Another class, eliminating the interest of the mortgagee in the land and treating the residue as the entire interest of the husband, holds that the widow is only entitled to dower in that interest, that is to say, in the equity of redemption; and treats her dower interest, to the extent of the debt secured, as extinguished by her joining her husband in the execution of the mortgage and releasing or relinquishing her right of dower; and holds that she takes the land subject to the mortgage, and is not entitled to have any part of the residue of her husband's estate appropriated to the satisfaction of the mortgages in exoneration of her dower. *Hawley* v. *Bradford*, 9 Paige, 200; *Tabele* v. *Tabele*, 1 John., Ch., 45; *Titus* v. *Neilson*, 5 John., Ch., 452; *Evertson* v. *Tappen, ib.*, 497; *Whitehead* v. *Cummins*, 2 Ind., 58; *Daniel* v. *Leitch*, 13 Gratt., 195; *Trowbridge* v. *Sypher*, 55 Iowa, 352; *State Bank* v. *Hinton*, 21 Ohio St., 509; *Scott* v. *Hancock*, 13 Mass., 162; *Gibson* v. *Crehore*, 3 Pick., 475; S. C., in 5 Pick., 146; *Rossiter* v. *Cossit*, 15 N. H., 38; *Hastings* v. *Stevens*, 9 Foster, 564; *Platt's Appeal*, 56 Conn., 572; 4 Kent's Com. (12th ed.), marginal pp. 46–47; 1 Scribner on Dower (2d ed.), pp. 511–516, sec. 37–45; 1 Jones on Mortgages (4th ed.), secs. 666, 866; 2 *id.*, sec. 1693.

In *Mandel* v. *McClave*, 46 Ohio St., 407, it was held that the wife's inchoate right of dower is property of substantial

value, and that, when land has been sold under a decree foreclosing a mortgage in the execution of which she has joined her husband and released her right to dower, she may have the value of her contingent right of dower in the entire proceeds of the sale ascertained, and the husband's interest therein exhausted to pay the debt secured by the mortgage before any part of her interest can be taken.

Under the statutes of this State the real and personal property of the estates of deceased persons are made assets in the hands of the executor or administrator for the payment of debts. The widow has no right to direct how any of the debts shall be paid. But they are divided into five classes, and must be presented, properly authenticated, to the executor or administrator within two years after the first letters testamentary or of administration are granted; and no debt can be allowed or paid before it is sworn to by the claimant or his agent, in the manner prescribed by law; and the statute requires the executor or administrator to pay them in the order in which they are classed, and that "no demand of one class shall be paid until the claims of all previous classes are satisfied, and, if there be not sufficient to pay the whole of any one class, that such claims shall be paid in proportion to their amounts," and the apportionment shall be made by the court. Mansfield's Digest, secs. 96–120. Where a debt is secured by a mortgage executed by the deceased in his lifetime, the mortgagee is under no necessity to swear to the debt or present it to the executor or administrator for allowance or payment. He can rely solely on his mortgage. Unless his claim is sworn to and presented by him, the executor or administrator has nothing to do with it. *Rogers* v. *Stevenson*, 42 Ark., 555. But the probate court, upon the application of any one interested, may order him to redeem the property mortgaged with the assets in his hands, if it would be beneficial to the estate and not injurious to the creditors.

The statute, which authorizes the court to order the redemption, is as follows: "If any person die, having mort-

gaged any lands and tenements, or pledged any personal property, or owning any equity of redemption, and shall not have devised the same or provided for the redemption thereof by will, the court, on the application of any person interested, may order the executor or administrator to redeem such estate out of the assets in his hands, if it would be beneficial to the estate and not injurious to the creditors; but if such redemption would be injurious to the estate or the creditors, or there should not be assets to redeem such estate after the payment of debts, the court may order all the right, title and interest of the estate of the deceased to such property to be sold at public auction." Mansfield's Digest, sec. 186. Under this statute the order to redeem the property set apart to the widow as dower could not be made as it would not be beneficial to the estate to redeem her property. One of the conditions upon which the order of redemption can be made is, it must not be injurious to the creditors, and there must be assets to redeem after their claims are paid. The other is, it must be beneficial to the estate. If these conditions do not co-exist, it is made the duty of the court to order all the right, title and interest of the estate of the deceased to such property to be sold at public auction. In no case is it made the duty of the court to order the redemption when it appears to the interest of the widow to do so.

But the statutes do make liberal provisions for the wife and widow. To the married woman they give an inchoate right of dower in the lands belonging to her husband at the time of their marriage, and in those acquired by him during their coverture, wherein he was seized of an estate of inheritance. This right she is not allowed to transfer, but she can release or relinquish it by joining her husband in a conveyance thereof. In order to protect her, the statute makes void any transfer of it, unless such transfer is made by a deed executed by her and her husband and acknowledged by her voluntarily appearing before a proper court or officer, and in the absence of her husband declaring that she had

of her own free will signed the relinquishment of dower for the purposes set forth in the deed without compulsion or undue influence of her husband. When the husband dies, she is entitled to have set apart to her as dower the third part of all the lands wherein he died seized of an estate of inheritance at any time during marriage, to which her right to dower has not been relinquished in legal form, and one third of his personal estate, including money on hand and choses in action, absolutely and in her own right, unless he dies leaving no children, when she is endowed for life of one-half of the real estate whereof he died seized, and one-half of the personal property absolutely, instead of the third part. In addition to dower, she is entitled to certain articles specified in section 62 of Mansfield's Digest as an absolute allowance, independently of creditors and distributees, and personal property of the value of one hundred and fifty dollars, according to the appraisement filed by the administrator, provided she selects it before sale or distribution, and creditors are not affected.

From the statutes, which provide for the widow, it is apparent that they do not intend that she shall be allowed more than one-third, or one-half, as the case may be, in value, of her husband's real and personal estate as dower. This being true, it is equally apparent that, in the assignment of her dower in the real estate, the mortgaged lands, to which she relinquished her dower by mortgage executed by her and her husband and acknowledged by her in legal form, if not redeemed, should be valued at what her husband's equity of redemption therein was reasonably worth; as in that event it would be the only estate the husband had in them at the time of his death. It is also obvious that if her dower has been set apart to her in the manner indicated, any appropriation of the assets remaining in the hands of the administrator to the redemption of lands encumbered by the mortgages executed by her and her husband, and set apart to her as dower, would increase the part assigned to her to more than the proportion allowed her as dower by

the statute.    And it follows that she has no right to demand.
or require the administrator to make the appropriation.
*Platt's Appeal,* 56 Conn., 572.

But it is contended that Mrs. Hewitt never released her·
dower to her husband or to his administrator or devisees ;.
but only to the mortgagee as a security for the payment of
a single debt of her husband, for which she did not bind
herself personally ; and that therefore the personal assets of
the estate of her husband, the principal, should be exhausted
before that of the surety should be taken.    The fallacy of
this contention consists in assuming that the wife has an
estate or interest in the lands of her husband during his life,.
which she can mortgage as her own separate estate.

In speaking of the interest of the wife in the husband's
lands in *Smith* v. *Howell,* 53 Ark., 279, calling it an inchoate
right of dower, this court said; "The inchoate right of
dower during the lifetime of the husband is not an estate in
land—it is not even a vested right, but ' a mere intangible, in-
choate, contingent expectancy.'    The law regards it as in
the nature of an incumbrance on the husband's title, and the
statute cited provides a means whereby he may convey his.
title free from the incumbrance.    She joins, not to alienate
any estate, but to release a future contingent right."

In *Hawley* v. *Bradford,* 9 Paige, 200, Chancellor Wal-
worth said :    " Strictly speaking, the wife has no estate or
interest in the lands of her husband, during his life, which is
capable of being mortgaged or pledged for the payment of
his debt.    Her joining in the mortgage, therefore, merely
operates by· way of relief or extinguishment of her future
claim to dower as against the mortgagee, if she survives her
husband ; but without impairing her contingent right of
dower in the equity of redemption."

In defining the widow's right of dower in the lands of her
deceased husband, the statute says :    " A widow shall be
endowed of the third part of all· the lands whereof her hus-
band was seized of an estate of inheritance at any time dur-

ing the marriage, *unless the same shall have been relinquished
in legal form."* Mansf. Dig., sec. 2571.

In lands of the husband encumbered by a mortgage in
fee, executed by him and his wife, in which she has relin-
quished her right of dower in legal form, she is not dowable
of the estate of her husband had before the mortgage was
executed, so long as the mortgage remains in force; but,
having released her dower in that estate, she is, under the
statute, entitled to dower in the estate which remains in her
husband, and that is the equity of redemption. To the ex-
tent of the debt secured by the mortgage her dower interest
is relinquished and extinguished. 2 Jones on Mortgages,
section 1693.

2. Dower in pledged chattels.

3. Should the dower assigned to Mrs. Hewitt in the
bonds pledged to Dooley be redeemed by her husband's ad-
ministrator?

The wife does not acquire, by marriage, an inchoate right
of dower in the personal property of her husband. He can
sell pledge, mortgage and dispose of it, free from any claim
of hers, at pleasure. Her right to dower in it does not ac-
crue until he dies, and then she only takes dower in such in-
terest in it as he had at his death. All liens on it, when he
died, take precedence of her dower. *Street* v. *Saunders*, 27
Ark., 556; *McClure* v. *Owens*, 32 Ark., 444; *Wolff* v. *Per-
kins*, 51 Ark., 45. She takes dower subject to the liens ex-
isting at his death, and has no right to call on the adminis-
trator to redeem the property. She is entitled to one-third
in value, or one-half if he leaves no children, as dower, and
no more; and in the assignment of dower the husband's
right to redeem should only be valued in the appraisement
of the encumbered property.

3. Parties to assignment of dower.

4. It is said that the court erred in holding that Mrs.
Hewitt was entitled to dower in one-half of the scrips placed
in the hands of David Reeve to pay the debt of her husband
to Mrs. Van Horn or in the proceeds of the sale thereof.
As Mrs. Van Horn was not a party to the action, her inter-
ests were not prejudiced by the order of the probate or cir-

cuit court. Mrs. Hewitt can only take subject to any lien
or charge that Mrs. Van Horn has on the scrips or money
arising therefrom or right to hold the same. Her right to a
lien on the scrips or money, or to hold it, can only be le-
gally determined by a court having jurisdiction in an action
in which she is a party.

The judgment of the circuit court is, therefore, modified
so as to set apart to Mrs. Hewitt dower in the scrip or
money in the possession of Reeve, subject to any lien or
charge Mrs. Van Horn has thereon; and in other respects
it is affirmed.

### OPINION ON REHEARING.

#### Delivered December 12, 1891.

HEMINGWAY, J.   The judgment of this court rendered in
accordance with the opinion heretofore delivered in this
cause was set aside during the term at which it was entered,
in order that we might consider the questions raised by the
motion for a rehearing. The motion does not question
any ruling in the opinion, but brings to our attention a mat-
ter not then considered by the court.

In the trial of this cause in the circuit court the following
declaration of law was made, towit:   "That N. G. Hewitt's
domicile at the time of his death was in the State of Arkan-
sas, and as a matter of law the courts of this State have the
primary and domiciliary administration, and the personal
property must be distributed and dower allotted under the
laws of this State." Upon the facts disclosed by the record,
we were of the opinion that the declaration was correct, and
our conclusion has not been questioned or changed.

4 Dower in
personalty gov-
erned by *lex
domicilii.*

The appellant asked a further declaration, which, it is con-
tended, follows as a necessary sequence, the one made. It
is as follows:   " That as the domicile of the deceased was
in this State, his estate should be administered, with regard
to the personal property, wheresoever the same is situated,
according to the laws of this State ; and if personal prop-
erty belonging to the estate is located in any other State or

5. Dower in
personalty in
another State.

place beyond the jurisdiction of this court, the estate being solvent, the value of one-half of such personal property should be made up to petitioner, first, out of personal property in this State belonging to the estate of the deceased, excluding the one-half belonging to the widow; and if that is not sufficient, second, out of any real estate that may be within the jurisdition of the courts of this State, so that the widow shall receive in this proceeding the value of one-half of the personal estate of her husband, whether situated in this State or elsewhere."

But the court declined to make the latter declaration, and in its decree adjudged contrary thereto, as follows: " That the petitioner be not allowed any sum in the estate in Arkansas for any personal property that may be in the hands of any ancillary administrator in the State of New York."

This action comprises the matter brought to our attention by the motion for a rehearing. As Hewitt's domicile at the time of his death was in Arkansas, it undoubtedly follows that the widow's right to dower in personalty, wherever situated, is determined by the laws of this State, and that it should be allotted to her as therein provided. But her right is not primarily a debt against the estate, but an undivided interest in it—a right to take a designated part of the specific personalty which the husband owned at the time of his death. Her interest is not subject to the husband's debts, and she may assert it against strangers or purchasers. Mansf. Dig., sec. 2591; *Hill* v. *Mitchell*, 5 Ark., 608.

She is therefore entitled to have her dower carved out of the specific estate, and, upon the same principle, others in interest would be entitled to demand that it be thus allotted, where justice to them required it.

The property in New York comprises (perhaps among other things) Jefferson county bonds and Arkansas levee bonds; their value is not shown by the proof. Whether it would be just to the other parties in interest to give to the widow out of the property here an estimated equivalent for the interest in the property there can not be determined by

the proof. It may be that the property here is more desirable than that there, and that such an allowance to the widow would effect an unjust division among parties interested. But if the court had deemed such an allowance proper, there was not sufficient proof to enable it to make the proper order; for it could not direct· what amount in value of property here should be allowed for her interest there, without knowing the value of the latter. We are therefore unable to say that the court below erred in the matter complained of.

But the domicile of the husband fixes the residence of the widow in this State; its courts have jurisdiction of the property within its limits as well as of the administrator here. Such being the case, the courts of this State might make the order asked, at least to the extent of the personalty here, if it were necessary to protect the widow's rights against prejudicial complications with foreign administrators or distributees. 2 Kent., p. 431; *Harvey* v. *Richards,* 1 Mason, 381–430.

It does not now appear that such protection is necessary. It is but fair to presume that when a judgment is entered here which finally adjudges the rights of the parties, those in custody of the property abroad will deliver to the widow her share therein; if upon demand they are derelict in this respect, the courts of this State should protect her rights so far as it may legally be done out of the property here. And if such contingency shall arise—which can be ascertained before any order of distribution by the probate court—nothing in this case determined should prejudice her right to such protection, and it should be expressly saved in the judgment in this case.

The judgment of the circuit court will be modified as directed in the former opinion and as above indicated; in other respects it is affirmed.

Judge BATTLE is of opinion that an allowance should be made in this case out of the personalty in this State for the widow's interest in the personalty in New York.