## LESS *v.* LESS.

Opinion delivered November 26, 1917.

DOWER—MORTGAGED PROPERTY.—Dower may be assigned in property subject to mortgage, the dower interest being held subject to the mortgage.

Appeal from Lawrence Chancery Court, Eastern District; *Geo. T. Humphries,* Chancellor; affirmed.

*A. S. Irby, G. M. Gibson* and *H. L. Ponder,* for appellants.

1. The husband only had an equity of redemption at the time of his death. The widow was only entitled to dower in this equity of redemption. 14 Cyc. 914; 31 Ark. 580; 66 Am. Dec. 467; 9 Am. Dec. 322; 37 *Id.* 390; 16 Atl. 669; 9 R. C. L., § 31, 588; 6 Am. Dec. 137; 1 Am. Rep. 60;

68 Ark. 457; 55 *Id.* 230; 2 Jones on Mortg., § 1067; 25 Ark. 54; 29 *Id.* 596.

2. The contract with Beloate gave him such an interest that he should have been made a party.

3. The giving of the first supersedeas bond stopped and stayed all further proceedings under the decree to assign dower.

4. The Commonwealth Loan Company should have been made a party. No dower should have been assigned over its protest. 2 Jones on Mortg., § 1067; Kirby's Digest, § 2691-2.

*W. A. Cunningham* and *W. E. Beloate,* for appellee.

1. Dower was properly assigned in the mortgaged lands, subject to the burden of the widow's proportionate share of the debt. 2 Scribner on Dower, 696; 31 Ark. 580; 68 Ark. 457; 101 *Id.* 298.

2. No objection was made to Tharp acting as special chancellor. All parties consented. 6 Ark. 227; 2 *Id.* 282.

3. Beloate's contract was not a sale. No vested estate passed. It was only an option to purchase. Tiedeman on Real Prop., § 26.

4. The superseded decree was not final.

5. The loan company not being a party, its rights were not affected. But all its rights were protected. The decree burdens the lands with one-third of all liens and the amount necessary to purchase an annuity. 68 Ark. 457. There is no error.

HUMPHREYS, J. Appellee brought a friendly suit against appellant to the March term, 1917, of the Eastern District of Lawrence County Chancery Court for her homestead and allotment of dower in her deceased husband's real estate, containing in all about 2,000 acres of very valuable land. All the allegations of the bill were conceded by answer, and a consent decree, adjudging appellee a one-third interest in said real estate for life and appointing commissioners to lay off the interest in kind, was rendered on the 21st day of March, 1917, by a special

chancellor, who was also at the time the regular county and probate judge of Lawrence County.

At the same term of court in April, Gussie Less, the divorced wife of Isaac Less, deceased, filed an intervention setting up that she had a lien on certain of the lands to secure the payment of alimony, and asking that no dower be assigned in these particular lands; and the other appellants, only heirs at law of Isaac Less, deceased, filed a motion to set aside the consent decree for the alleged reasons—that the decree was void because rendered by a special chancellor not eligible to election and that Ida Less was not the owner of the dower interest, having sold same prior to the date of the decree, and that the lands were subject to a mortgage lien in favor of the Commonwealth Farm Loan Company for about $40,000, which company was not a party to the suit, and which company now desired to be made a party for the purpose of objecting to the assignment of dower; and said mortgage company also filed an intervention asking to be made a party, and alleged that it was not to its interest to have dower assigned in said lands.

An answer was filed by appellee joining issue on all the material allegations of the interventions and motion. Appellants also filed a motion objecting to the selection of lands as dower made by appellee, and excepting to the report of the commissioners, for the alleged reasons that the lands were not equitably appraised, and that in assigning dower no account had been taken of the liens resting upon said real estate. The court struck out the selection filed by appellee and ordered her to present her selection of lands to the commissioners for consideration; also ordered the commissioners to make a reallotment of one-third in value of the lands to appellee, as ordered in the former decree. The court also charged the lands assigned to the widow with one-third of the interest due and to become due on the mortgage until maturity of the principal debt, and after maturity thereof, a sum sufficient to produce an annuity for the remainder of appellee's expectancy, for one-half of the amount of the an-

nual interest. Also charged the lands to be assigned as dower with one-third of the monthly allowance due Gussie Less. Appellants excepted and prayed an appeal to the Supreme Court. The court then heard the case upon the pleadings, record evidence, depositions and contract between Ida Less and W. E. Beloate, and overruled the motion to set aside the original decree and to make the Commonwealth Farm Loan Company a party to the action. Appellants excepted, prayed an appeal to the Supreme Court, which was granted, and filed a supersedeas bond. Thereafter the clerk issued a writ of supersedeas pending appeal to the Supreme Court.

Immediately thereafter, appellants filed another motion setting out the steps that had been taken in the case and asked for a stay of proceedings until the case could be settled in the Supreme Court. The court overruled that motion and exceptions were saved and an appeal prayed and granted.

The commissioners then filed a report showing the value of the lands assigned by them to Ida Less as dower. This report was excepted to for the reasons: (1 and 2) that the selection of dower was not based upon a fair market value of the lands; (3) that the order of the court on April 25, 1917, apportioning the payment of the liens on the land, was not in accordance with law; (4) that the supersedeas theretofore filed had the effect of suspending all proceedings in the case.

In these exceptions, appellants prayed that the matter be held in abeyance until the final action of the Supreme Court. The report and exceptions thereto was heard by the court and a decree rendered confirming the appraisement of the lands and assignment of dower by the commissioners. Appellants excepted and prayed an appeal to the Supreme Court, which was granted, and filed a second supersedeas bond and the clerk issued his supersedeas thereon.

(1) It is insisted by appellant that the court erred in setting aside dower in said lands to appellee upon which a mortgage lien rested. There are a number of

authorities holding that it is improper to assign dower in mortgaged lands until the mortgage debt has been paid. This court has adopted the contrary view and permitted the assignment of dower in mortgaged property, subject to the mortgage indebtedness. The doweress takes an undivided one-third life interest in the lands according to value, subject to the payment of a just proportion of the indebtedness. *Hewitt* v. *Cox,* 55 Ark. 225; *Crosser* v. *Crosser,* 121 Ark. 64.

The rule for ascertaining the proportion of indebtedness to be paid by the widow was fixed in the case of *Salinger* v. *Black,* 68 Ark. 449. The court did not commit error in the instant case in assigning dower and imposing thereon a proportionate amount of the lien indebtedness. It must be borne in mind, however, that this rule in no way conflicts with the rights of the mortgagee or lien holder whose lien is prior and paramount to the dower interest in the lands. That question is fully discussed and decided in the case of *Crosser* v. *Crosser, supra.*

It is next insisted that the contract between appellee and W. E. Beloate had the effect of making Beloate a necessary party in the assignment of dower. Beloate acted as attorney for Ida Less in the procurement of her dower interest and is bound by the consent decree. Under the decree, Ida Less is clearly the owner of the dower interest as against any rights that Beloate might set up under the contract, having acted as appellee's attorney in procuring a consent decree for assignment of dower on the theory that she was the true owner thereof at the time the decree was procured. This eliminates any necessity for construing the terms of the contract.

It is next insisted that the effect of the first supersedeas bond was to suspend proceedings under the original decree allotting dower. This bond was filed on an appeal to the Supreme Court from an order overruling a motion to set aside the original decree and to make the Commonwealth Farm Loan Company a party. The effect of the court's ruling was to leave the original decree in full

force. An appeal from a motion refusing to set aside a decree does not suspend proceedings under the decree.

Lastly, it is insisted that the Commonwealth Farm Loan Company should have been made a party. This position is not sound, for the assignment of dower in no way affected the mortgagee's interest in the lands. The dower interest assigned was subject to the rights of the mortgagee under the law. The mortgagee will have a right to enforce its mortgage against all property described in the mortgage. The dower interest must yield to the mortgagee's interest in case of foreclosure.

No error appearing, the decree is in all things affirmed.