LESS v. LESS.

Opinion delivered February 14, 1921.

1. DOWER—RIGHT TO RENTS BEFORE ASSIGNMENT.—Under Crawford & Moses' Dig., § 89, a widow was entitled to rents on her husband's real estate in proportion to her interest therein from her husband's death until dower has been assigned to her.

2. ESTOPPEL—TO CLAIM FORFEITURE OF RENT.—Administrators of a husband's estate, having filed their report of rents collected from and disbursements on land in which the widow was entitled to dower, were estopped to claim that the wife had forfeited her right to such rents by failure to pray for her share of the rents in her bill for assignment of dower.

3. EXECUTORS AND ADMINISTRATORS—DEDUCTIONS FROM DOWER.—Where a widow accepted a building in its completed condition as part of her dower, the administrators were not entitled to deduct the expenses of completing the building from the rents accruing to her.

4. EXECUTORS AND ADMINISTRATORS—DISBURSEMENTS ON DOWER PROPERTY.—The court, in passing upon disbursements of administrators, made on property assigned to the widow as dower, should either allow or disallow items claimed, instead of refusing to pass upon them.

5. APPEAL AND ERROR—HARMLESS ERROR.—Refusal of the court to pass upon items of credit claimed in an administrators' account was harmless where the administrators were not entitled thereto.

6. EXECUTORS AND ADMINISTRATORS—ALLOWANCE FOR PAYMENTS OF ALIMONY AND MORTGAGE LIENS.—Where the property out of which dower was assigned was subject to mortgage and alimony liens, the administrators, having paid such alimony and interest on the mortgage, were entitled to credit therefor.

7. DOWER—ASSIGNMENT OUT OF MORTGAGED PROPERTY.—Assignment of dower may be made out of mortgaged property, in which case the widow takes the dower subject to the payment of a just proportion of the indebtedness.

8. EXECUTORS AND ADMINISTRATORS—REIMBURSEMENT OF EXPENDITURES ON DOWER PROPERTY.—Administrators were entitled to be reimbursed for expenditures for taxes, insurance and necessary improvements upon property assigned as dower prior to its actual assignment, where such amounts were expended pending an appeal from the decree assigning dower.

Appeal from Lawrence Chancery Court, Eastern District; *Lyman F. Reeder,* Chancellor; reversal in one case, affirmance in the other.

*W. A. Cunningham* and *Beloate & Anderson,* for appellant.

1. The record shows that there was left by Isaac Less landed interest in the sum of $136,078.40, and it was error to hold that the rents accruing from the time Isaac Less died down to December 6, belonged to the estate and not to Ida Less. The records show that there had only been accounted for to the widow the rents on the dower lands collected from date of death down to and including the time the action was in the Supreme Court. 131 Ark. 237. The widow is entitled to one-third of the rents collected between the time of the death of the husband and the assignment of dower. 40 Ark. 393; 60 *Id.* 477.

As the rents on one-third of the estate were accounted for by defendants, Jake Less and Morris Less, adminis-

trators, the widow was entitled to same without deductions. She should have been allowed her one-third of these rents under the law as the widow of Isaac Less, deceased. New causes of action can not be filed after the passing on same by the superior courts. Items paid after the decree setting aside dower fall within the rule. 59 Ark. 147, and are not chargeable.

2. The court erred in refusing to allow appellant rents from the death of I. Less until the decree assigning dower. The decree should be modified and decree entered here for the additional amount, $1,531.62, with interest from December 12, 1917, with costs, in addition to the $659.92 found due, and the decree on the second branch of the case reversed and dismissed or the second part of the decree be modified as that part of the second decree was not within any issue raised.

*A. S. Irby* and *Ponder & Gibson,* for appellees.

1. Was Ida Less, the widow, entitled to rents off the lands afterward assigned to her from the date of the death of I. Less until the date of the assignment of dower? This question was not raised nor settled in 130 Ark. 232. The case in 40 Ark. 393, settles this. See, also, 60 Ark. 461; Kirby's Digest, § 77. Appellant, having acquiesced in the assignment of dower and having made no claim for rent, waived her rights as to rents and can not recover. 8 Gill (Md.) 207.

2. If the widow is entitled to dower in the rents collected before assignment, this would be subject to repairs, taxes and insurance, etc., and should be deducted. 132 Ark. 69. The entire record shows acquiescence by the widow. 132 Ark. 69; 127 *Id.* 98.

3. The second subdivision of this case only embraced and presented the question of payments by appellant of the sum already found to be due by the court. The decree of the chancellor was for $985.82, and it is sustained by the evidence. Appellees are entitled to credit for repairs, taxes and insurance, and these should be ascer-

tained by reference to the clerk and the amount found should be allowed.

HUMPHREYS, J.    The correctness of two decrees is challenged by appellant in this case.    The first was rendered by the Lawrence Chancery Court in the case of *Ida Less* v. *Miriam Less* after an affirmance of said cause by this court.    The opinion affirming this cause will be found in 131 Ark. 232.    The second was rendered by the same court in the case of *Miriam Less et al.* v. *Ida Less,* filed in the latter part of the year 1920, for amounts paid by the plaintiff in the cause, the appellees herein, to liquidate mortgage and alimony liens adjudged against the dower properties in the original case of *Ida Less* v. *Miriam Less et al.,* and which accrued after the affirmance of the case in the Supreme Court on November 26, 1917.

After affirmance of the case of *Ida Less* v. *Miriam Less et al.,* Jake and Morris Less, two of the appellees, as administrators of the estate of I. Less, deceased, filed a statement in the cause, of all rents collected by them on the lands assigned to appellant as dower, from the 30th day of January, 1917, the date I. Less died, until December 6, 1917, the date appellant acquired possession of her dower properties under the decree of assignment, of date May 21, 1917; also a statement of disbursements made by them upon said properties during the same period.

Upon the issues joined by exceptions to the statement of disbursements, the answer to said exceptions and the evidence adduced, responsive to the issues, the court decreed that appellant was not entitled to rents collected by the administrators from the date of the death of I. Less until the date of the decree assigning dower on May 21, 1917.    This is the first decree from which appellant appealed.    The court also decreed that appellees were entitled to only two items contained in the account of disbursements.    These items were $400 paid as interest to the Commonwealth Farm Loan Company and $373.22 paid to Mrs. Gussie Less on account of alimony which had been charged against the dower property.    In the

decree the court found that it was unnecessary to determine whether other disbursements were chargeable against the dower interest in order to determine the cause. The account of disbursements contained other items of interest paid by appellees to the Commonwealth Farm Loan Company as interest on the mortgage against the property; additional items paid to Gussie Less on account of the alimony lien against said property; items of cost entering into the completion of the garage which was in the course of construction at the time I. Less died, on lot 12, block 3, assigned to appellant as a part of her dower property; items paid out for taxes, insurance and repairs on the dower properties after the decree of assignment of dower on May 21, 1917, and before the delivery of said dower properties to appellant on December 6, 1917, a short time after the decree for assignment of dower was affirmed in this court. As to this part of the first decree, appellees prosecuted and perfected a cross-appeal.

Appellant insists that the court erred in refusing to allow her rents from the date of the death of I. Less until the decree assigning dower, of date May 21, 1917. The amount of rents collected during that period was $1,531.62. There can be no question that a widow is entitled to rents on the real estate of the deceased in proportion to her interest therein before the assignment of dower. Section 89 of Crawford & Moses' Digest provides that, "Until the widow's dower be apportioned, the court shall order such sums to be paid to her out of the rents of the real estate as shall be in proportion to her interest therein." Appellees insist, however, that appellant forfeited her rights to such rents by not praying for them in the bill filed by her for the assignment of dower. We pretermit a determination of that question, for appellees are not in a position to raise it. After the affirmance of the decree assigning dower, appellees filed their report of the rents collected from, and the disbursements made on, the properties, and, in doing so, presented the issue of rents and disbursements them-

selves. They are estopped to claim a waiver on the part of appellant. The court erred in disallowing appellant's claim for rents on the dower properties from the date of the death of I. Less to the date of the decree assigning dower.

Appellees, upon their cross-appeal, insist that the court erred in refusing to pass upon the expenditures made by them in relation to the dower properties from the date of the death of I. Less until December 6, 1917, the date the dower properties were delivered to appellant. The undisputed evidence showed that all the items entering into the completion of the garage, which was in the course of construction at the time I. Less died, except the amounts expended on the ceiling, had been made at the time the garage property was assigned to appellant as a part of her dower; that the widow accepted it at its appraised value in its completed condition as a part of her dower. This being true, appellees received payment for the improvements they made on this property in completing the garage in the value of property received by them at the time the dower was assigned. If these items had been allowed by the court, appellees would have received double pay for the improvements. While the court should have ruled one way or the other on the items, the failure to allow them is not in any sense prejudicial to the rights of appellees, and they can not complain. The court, however, did err in failing to pass upon and allow all items paid by appellees on account of interest due upon the mortgage of the Commonwealth Farm Loan Company and for alimony items due Mrs. Gussie Less, from the date of the death of I. Less, because these were burdens in the nature of liens against the entire real estate of which I. Less died seized and possessed, and out of which dower assignments were made. The rule has been established by this court that assignments of dower may be made in mortgaged property, and that the widow takes dower subject to the payment of a just proportion of the indebtedness. *Hewitt* v. *Cox,* 55 Ark. 225; *Crosser* v. *Crosser,* 121 Ark. 64; *Less* v. *Less,* 131 Ark. 232; *Mayo* v.

*Ark. Valley Trust Co.,* 132 Ark. 69. The court also erred in failing to pass upon and allow the items for taxes, insurance and necessary improvements and repairs upon the dower properties after the decree of May 21 assigning dower and the date the dower properties were actually delivered to appellant. Appellant's insistence is that appellees had no right to expend any amount for any purpose upon the dower properties after the decree of assignment. An appeal was prosecuted from the decree of the assignment of dower, and her right to the possession of the lands assigned as dower was not decided by the Supreme Court until November 26, 1917. She did not receive possession of the dower properties until December 6, 1917. It was during the interim that these expenditures were made on the dower properties, and at the time appellees were collecting rents thereon. We think a proper interpretation of section 89 of Crawford & Moses' Digest is that the widow shall receive her proportionate part of the net rents after the payment of all necessary expenses, such as repairs, taxes, etc., during the time the administrator or heirs continue in possession of the lands and are held to account for the rents.

For the error indicated, the decree will be reversed and the cause remanded with directions to the court to either state, or appoint and have a master state, an account between the parties in accordance with this opinion.

Appellant assails the decree rendered in the last action filed and treated as a part of this suit, upon the ground that the following part of the decree was not within the issues and proof: "It is further ordered and decreed by the court that Ida Less make all future payments on amount to Gussie Less as alimony, her part, $46.66 per month, to the clerk of this court, each month and all interest items which may be due the Commonwealth Farm Loan Company, or any other party." The question whether or not appellant, Ida Less, should take her dower interest in the lands of I. Less, deceased, subject to these burdens became the sole issue in the original suit after it became an adversary one. The evidence

shows that the lien in favor of the Commonwealth Farm Loan Company was a mortgage lien covering the entire property, out of which dower was assigned. Likewise, the lien in favor of Gussie Less for alimony was a lien upon certain tracts of land belonging to I. Less at the time of his death, out of which dower was assigned. Appellees could not pay two-thirds of either lien and clear the property which they receive in the division. It was necessary to pay the whole lien in order to clear their part of the property. Appellant was assigned dower in the lands subject to the payment of one-third of the Gussie Less lien for alimony and one-third of the Commonwealth Farm Loan Company's mortgage lien. They were continuing liens until liquidated, and we think the order within the reasonable inferences deducible from the allegations of the original bill. In no event could the rendition of such a decree be prejudicial to appellant unless the payments required to be made to the clerk are misappropriated or unless appellant is required to pay the amounts directly to the owners of the liens. Upon the happening of either event, appellant could apply for a modification of the order.

The decree of the court rendered upon the second branch of this case is therefore affirmed.