## LESS *v*. LESS.

### Opinion delivered April 9, 1923.

1. DOWER—JURISDICTION TO ADJUDGE LIENS.—Where a widow sought to have dower assigned to her in lands subject to the lien of a mortgage executed by her husband in his lifetime, and also to a lien in favor of a divorced wife for alimony decreed to her, the chancery court had jurisdiction, in apportioning dower to plaintiff, to determine that such dower interest was subject to the above liens, and such determination became *res judicata.*

2. DOWER—ENFORCEMENT OF LIENS.—Where a widow's dower was adjudged to be proportionately subject to a mortgage and to a lien for alimony decreed in decedent's lifetime to a divorced wife, and the heirs paid off the mortgage at maturity, it was proper, in a suit by the heirs for contribution from the dower lands and to sell such lands to enforce their lien, to have the lien for one-third of the alimony reduced to an annuity, so that the divorced wife may share in the proceeds of the sale with the heirs, who are subrogated to the rights of the mortgagee.

Appeal from Lawrence Chancery Court, Eastern District; *Lyman F. Reeder,* Chancellor; affirmed.

*W. E. Beloate,* for appellant; *W. A. Cunningham,* of counsel.

Motion to strike out part of record should be granted. Order, basis of complaint, is not definite or final. 6 Standard Pro. 741; 148 Ark. 380. Amount due not determined. 25 Ark. 429; 34 Ark. 128; 141 Ark. 155; 25 N. Y. 613; 82 N. Y. 560. Order not a bar to right to question liability of lands to contribution. 96 Ark. 87. Demurrer should have been sustained. 152 Fed. 600; 11 Ann. Cases 656, 15 R. C. L. 378. Chancery court without jurisdiction to make declaratory decrees

fixing future rights. 1 Heisk. 524 Tenn; 9 A. & E. Enc. 12; Bisphom, Equity, 571; 68 U. S. 515; 179 N. W. 350; 214 Mo. 187; 21 L. R. A. (N. S.) 481. Such action *coram non judice* and void. 105 Mo. 93; 24 Am. St. Rep. 366; 16 S. W. 595; 186 Mo. 633; 105 Am. St. Rep. 629; 85 S. W. 868; 140 U. S. 254; 35 L. ed. 464; 11 Sup. Ct. Rep. 773; 108 Ind. 517, 8 N. E. 161; 23 Cal. 222, 47 Pac. 379; 101 Minn. 169, 11 L. R. A. (N. S.) 803; 118 Am. St. Rep. 612, 112 N W. 386; 11 A. & E. Ann. Cas. 348; 1 Black on Judgments 242, adopts part of opinion therein as test. 54 W. Va. 613, 102 Am. St. Rep. 959, 64 S. E. 605. When court attempts to adjudicate matters outside the pleadings and issues, judgment void. 56 Ark. 422; 55 Ark. 205; 55 Ark. 565; 34 N. J. Law 420; Black on Judgments, 215. Judgment rendered by court having no jurisdiction of the subject-matter is void. Black on Judgments, § 242; *Reynolds* v. *Stockton,* 140 U. S. 254; 31 Ark. 345; 32 Ark. 289; 81 Ark. 350; 77 Ark. 21. After the original decree awarding to Gussie Less a lien for her amount and finding that appellant was entitled to her dower and homestead and the appointment of commissioners, the chancellor had no jurisdiction or right to add any other lien on this property as against the widow in that action. 130 Ark. 301; 183 N. Y. 425; 5 Cranch, 61 L. ed. 38; 2 Cranch 159; 7 Wheat. 522; 22 Ark. 14; 15 R. C. L. 317, 328, 43. No allegation asking for the court to declare a lien for the Commonwealth Farm Loan Co. claim against the dower land, and recovery must be had on the pleadings or not at all. 88 U. S. 481; 1 Black 506. Could only have been set up by crossbill. 31 Ark. 205; 43 Ark. 469; 5 Ann. Cas. 464; *McSpadden* v. *Rose,* 8 N. E. 161; Fletcher's Equity Pl. and Pr., § 61 n 3; 51 Ill. App. 409. Court had no jurisdiction from pleadings in 131 Ark. 232 to declare the dower lands burdened with a lien that was not referred to in either the complaint or answer; motion to set aside and answer could not constitute a cross-complaint, and

both were denied in original suit. An attempt to add to original decree on master's report was dismissed by Supreme Court in 9 Peters 267; 18 Nev. 315; 2 John. ch. 488; Fletcher, Equity Pl. & Pr., § 927. Bill of review can only be filed by party to suit. Fletcher, Equity Pl. & Pr. 925, 922; 62 Ark. 78. The widow's dower not barred in foreclosure suit not in issue. 40 Ark. 283; 97 Ark. 450; 96 Ark. 540; 46 Ark. 103; 41 Ark. 394; 29 Ark. 500. Court will not go outside of case made by pleadings to grant relief. 30 Ark. 628; 13 Ark. 187. Chancery court in original action, *Less* v. *Less,* was without jurisdiction to make this order. 55 Ark. 205; 81 Ark. 452; 90 Ark. 195; 62 Ark. 429; 76 Ark. 146. Farm Loan Company not a party when this order was made, its petition to be made a party having been denied. *McKnight* v. *Smith,* 5 Ark. 409; 52 Ark. 480; 137 Ark. 232; 15 L. R. A. (N. S.) 823; 87 Ark. 423; 24 A. & E. Enc. 777 D; 124 Ark. 432; 136 Ark. 115; 13 Ark. 187. Appellant is entitled to a decree on this complaint. 47 Ark. 120; 20 Ark. 12. No question of creditors comes in this case. 34 Ark. 391; 52 Ark. 172; 98 Ark. 446. Court cannot declare a lien solely on exception to commissioner's report. 130 Ark. 30; 42 Ohio 337. Chancery having properly assumed jurisdiction will determine all issues presented by the pleadings and evidence. 149 Ark. 460. Widow could not release dower to husband. 31 Ark. 678; 30 Ark. 17; 55 Ark. 228. Widow had right to pay mortgage of the Less Land Co. and hold the land for all the debt. *Smith* v. *Hall,* 30 Atl. 409; *Hayes* v. *Cretin,* 62 Atl. 1028. Had dower in whole mortgaged premises and not required to redeem. 15 R. C. L. 378, 429-30, 443. Dower lands could not be liable for more than annuity. 68 Ark. 449. Claim cannot be divided. 16 N. Y. 554; 24 Ark. 177; 63 Ark. 259; 2 A. L. R. 534; 64 Ark. 94. Appellant would only be liable for an annuity or $1,020.80 if court holds order a decree and *res judicata.* 132 Ark. 71; 131 Ark. 235; 147 Ark. 438; 121 Ark. 64; 68 Ark. 449. Annuity rule, Scribner

on Dower, 681-82. Appellant entitled to $725 in cross-complaint if her defense to course of action against appellees sustained. Gussie Less bound by adjudication, and cannot have monthly allowance reduced to cash settlement. 83 Ark. 546; 91 Ark. 394; 108 Ark. 577; 119 Ark. 413. She cannot again recover. *Hemingway* v. *Grayling Lbr. Co.*, 125 Ark. 400.

*Coleman, Robinson & House, Poindexter & Irby, Smith & Gibson, Ponder & Gibson,* for appelllees.

The issues in this case are simple, it being merely a case for contribution. The facts are to a great extent admitted, and the law has been declared in 131 Ark. 232, and 147 Ark. 432. The court should be controlled by the opinions in the above cases on the former appeals, and the chancellor should be sustained, except in reduction of annuity to be paid by appellant from one producing one-half the interest during her expectancy to one-third. The issues made in the present suit have already been twice decided in the above cases. The supplemental complaint shows a direct admission on the part of Ida Less that the lands set apart to her were burdened with one-third of the interest on a loan of $40,000 to the Commonwealth Farm Loan Co., not only makes the admission but a tender of a certain amount of money to discharge the burden. Motion for *nunc pro tunc* order does not ask that order imposing lien of loan company allotted to her be set aside, but only requests its correction in a minor matter. This is sufficient to refute all claims set up by her now and to show that her estate in the dower lands was burdened with her proportion of this mortgage. Only question for determination is the amount due from appellant as contribution to the heirs of Isaac Less who paid off incumbrance of Commonwealth Farm Loan Co. Contribution to Gussie Less can be reduced from monthly payment to annuity basis and all paid at once. Chancellor erred in reducing the charge against the lands assigned to the widow to a sum sufficient only to

produce annuity for the remainder of Ida Less' expectancy for one-third of the amount of the annual interest due the loan company.

*W. E. Beloate,* in reply.

Test of jurisdiction is found in allegations of complaint. 152 Ark. 47; 140 Ark. 480; 90 Ark. 195. No admission in 147 Ark. 432 could give jurisdiction to an action wherein judgment was rendered three years prior thereto. Supplemental complaint and motion for *nunc pro tunc* order not in record and should not be considered. *Ry.* v. *Clark,* 58 Ark. 490. Question of jurisdiction raises itself. 90 Ark. 195; 85 Ark. 213.

HUMPHREYS, J., This suit was instituted in the chancery court of Lawrence County by the children and heirs at law of Isaac Less, deceased, against Mrs. Ida Less, widow of their father, for contribution on account of moneys paid by them to liquidate a mortgage which covered the lands of their ancestors, and part of which had been assigned to Mrs. Ida Less as her dower interest in said estate. The gist of the bill was that Mrs. Ida Less had failed to pay her proportion of a $40,000 mortgage upon said lands, a portion of which had been adjudged a lien upon the lands assigned to her by said court, and which indebtedness they were compelled to pay at maturity in order to save the lands from foreclosure and sale. The decree of the chancery court assigning dower and charging the lands assigned with a portion of said indebtedness was set up in the bill. Said decree was affirmed on appeal to the Supreme Court in the case of *Less* v. *Less,* 131 Ark. 232.

Mrs. Less filed an answer denying the validity of that portion of the decree burdening the dower lands assigned to her, on the ground that the issues joined by the pleadings did not embrace the apportionment of the said indebtedness to the lands partitioned, alleging that the only proper issue involved in that case, according to the pleadings, was the allotment of dower. She set out

and made the pleadings in the suit for the assignment of dower a part of her answer.

A separate answer and crossbill was filed by Gussie Less, the divorced wife of Isaac Less, alleging that said court had declared a lien upon the dower lands in question for one-third of the monthly alimony of $140 allowed her, and prayed that said monthly allowance be reduced to an annuity and declared an equal lien in proportion to the mortgage lien upon the dower lands in question.

Ida Less filed a reply to the answer and crossbill of Gussie Less, attacking the validity of the decree burdening her dower interest in said lands with said monthly allowance of alimony, and denying the right of Gussie Less to have same reduced to a sum certain.

The Commonwealth Farm Loan Company and its trustee filed an answer, admitting the payment of the mortgage debt, after maturity, by the children and heirs of Isaac Less, deceased.

The case was submitted to the court upon the pleadings and testimony, which resulted in a decree fixing equal liens upon the dower lands in favor of said heirs for $7,741.41, and in favor of Gussie Less for $4,209.20, from which is this appeal. The heirs of Isaac Less, deceased, had prayed for contribution in the sum of $21,493 from appellant, on the ground that they were entitled to an annuity sufficient to produce one-half of the interest to carry the mortgage during the expectancy of Mrs. Ida Less, according to mortuary tables introduced in evidence, instead of an amount necessary to produce only one-third of the interest during the nineteen-year expectancy of said appellant. The heirs filed a crossbill from the decree fixing the annuity, in an effort to increase the amount thereof.

Appellant's paramount contention for reversal is that the court's acts in burdening the dower lands with a portion of the $40,000 mortgage due the Commonwealth Farm Loan Company, and with a part of the alimony allowance to Gussie Less in the original suit for

the allotment of dower, were *coram non judice,* and void.
Attention is called to the fact that, in none of the plead-
ings in the original action of Ida Less against the Less
heirs for admeasurement of dower, were requests made
for liens to be declared on the dower lands for any part
of the mortgage or alimony indebtedness, but that the
orders were made growing out of exceptions filed to the
commissioners' report, who were appointed to set-off
the dower lands. This is true, but that does not neces-
sarily mean the question of the apportionment of the
indebtedness was not proper subject-matter for adjudi-
cation in the suit for the allotment of dower. Issues may
arise in a case out of the testimony, whether pleaded or
not, touching proper subject-matter for adjudication. It
is immaterial, therefore, how the point arose, if it was,
in substance and effect, within the issue involved, and if
all necessary parties were before the court. The main
purpose of that suit, of course, was to allot dower, but
incident to it was the all-important question between
appellant and the heirs, of whether dower should be
assigned free from or subject to the liens upon the lands
for borrowed money and alimony. Suffice it to say,
during the progress of the suit it developed that the
lands sought to be partitioned were incumbered, so the
issue as to what portion of the incumbrances each part
of the land should bear raised itself and became a proper
issue for adjudication by the court. The owners of the
liens were not necessary parties in the determination of
this question, for their liens were not impaired by the
division of the lands.

The issues tendered by the answer of appellant in
the instant case were clearly *res judicatae.* The facts
alleged presented an issue of whether or not the dower
lands in question were subject to the payment of a just
proportion of the lien indebtedness upon the lands of
Isaac Less, deceased. That identical issue was involved
and determined in the case of *Less* v. *Less,* 131 Ark. 232,
and was acted upon in subsequent legal proceedings

between the same parties, as shown by pleadings intro-
duced in evidence. In the case of *Less* v. *Less, supra,* it
was said by this court that "the court did not commit
error in the instant case in assigning dower and imposing
thereon a proportionate amount of the lien indebted-
ness."

In view of the fact that the dower lands may be sold
to satisfy the lien for the sum contributed by the heirs
to pay the mortgage indebtedness on them, we see no
reason why the monthly allowance for alimony may not
be reduced to a sum certain, so that Gussie Less may
share the proceeds with the heirs who are subrogated
to the rights of the Commonwealth Farm Loan Company.
Neither lien has priority.

The contention made by the heirs on cross-appeal
for an increase of the annuity adjudged in their favor
is without merit. It is true the original decree rendered
by the trial court in the case of *Less* v. *Less, supra,*
charged the dower lands, after maturity of the debt,
with a sum sufficient to produce an annuity for the re-
mainder of Ida Less' expectancy for one-half of the
amount of the annual interest on the mortgage. This
was manifestly a clerical error, as the lands should have
been charged with only one-third of the amount of the
annual interest.

The decree is affirmed.