# SUPREME COURT

OF THE

## STATE OF ARKANSAS,

AT THE

## MAY TERM, 1889.

---

### CROWLEY v. MELLON.

1. DOWER: *In choses in action : Judgment assigning.*
   The act of March 8, 1867, changing the law as to dower in choses in action, so
   as to make the right thereto superior to the claims of creditors, applied only to
   the estates of persons dying after its passage. But where the Circuit Court on
   appeal, and in a proceeding to which an administrator, whose intestate died in
   1863, was a party defendant, assigned dower according to the provisions of that
   act in promissory notes belonging to the estate of the decedent, on the petition
   of his widow, the judgment though erroneous cannot be questioned collaterally,
   and not having been reversed or set aside, is conclusive of the widow's right to
   such dower, in an action brought by her on the administrator's bond to recover
   her interest in the proceeds of the notes.

2. SAME: *Same.*
   In such case, an attorney employed to collect the notes, having converted and
   misapplied the proceeds thereof before the judgment assigning dower was ren-
   dered, the action on the administrator's bond cannot be defended by showing
   that the person who effected the collection for the administrator was also the
   attorney for the widow. That defense should have been made to the suit for
   dower, and if it was, the judgment there is conclusive that the question was
   determined against the administrator. And so, the administrator having de-
   fended the application for dower, on the ground that the widow had accepted a

LII.—1.

conveyance in fee simple from the sole devisee of her husband's lands, in full of all her dower in the estate, and the question having been adjudicated against him in that suit, he cannot raise it in the action on his bond.

3. SAME: *Conversion of widow's interest in notes.*

Where the attorney of an administrator, employed to collect notes due the estate, receives money thereon and converts it to his own use, the administrator, in his official capacity, is liable to the widow of his intestate to the extent of her dower in the sum converted.

4. SAME: *Same.*

Where the widow of a decedent is entitled to dower in promissory notes payable to him, and a judgment recovered thereon by his administrator, is assigned in the latter's name by his attorney to a creditor of the deceased, in payment of a probated claim, the administrator makes the assignment his own act by reporting it to the Probate Court and obtaining its approval by that court. The title to the judgment being thus vested in the creditor, the widow cannot procure the assignment of her dower therein, and the administrator is liable to her on his bond, for its value.

5. SAME: *Widow's right not affected by probate proceedings.*

Although the final settlement of an administrator showed that a judgment in which the widow of his intestate was entitled to dower had been assigned to a creditor of the estate, in satisfaction of a probated claim, an order of the Probate Court approving such settlement and discharging the administrator from the trust, will not bar a suit by the widow on his bond, to recover the amount of her dower in the judgment assigned. Not being a party to the probate proceedings for the settlement of her husband's estate, her rights were not affected by the administrator's account, and she was not bound by the order confirming it.

6. SUBROGATION: *Of administrator to right of creditor.*

An administrator who is compelled to refund to the widow of his intestate assets with which he has paid a debt of the estate, will be subrogated to the creditor's rights, and may resort to any remedy which the creditor would have against the assets of the estate remaining unadministered.

APPEAL from *Greene* Circuit Court in Chancery.

T. P. McGOVERN, Sp. Judge.

Lucy Mellon, the appellee, brought this suit in chancery against B. H. Crowley, adminstrator of Thomas J. Mellon, deceased, and the sureties on his bond. Her complaint seeks to set aside and restate the final account of Crowley as such administrator, and to recover, as dower due to her, one-half of an amount collected by him on certain notes belonging to

the estate of Mellon. The defendants, by answer, resisted a recovery on grounds which are sufficiently stated in the opinion. From the pleadings and evidence it appears, that Thomas J. Mellon died about the year 1863, leaving the plaintiff, his widow, and no children. P. K. Lester, who claimed to be the sole legatee and devisee of Mellon, was appointed adminstrator (with the will annexed) of his estate. Lester, under an agreement with the plaintiff, and as devisee of her husband's lands, conveyed to her, in fee simple, a certain part thereof, which the complaint alleges was received in lieu of her dower in all the real property of the deceased. The answer of defendants alleges the fact to be, that the conveyance from Lester was accepted by the plaintiff in full of all her dower in the whole estate. The administration of Lester ceased before the estate was settled, and the defendant, Crowley, was appointed administrator *de bonis non.* Crowley filed in the Probate Court an inventory showing that the assets which had come into his hands consisted of five promissory notes executed to the deceased by Lester, each for the sum of $1400. Mrs. Mellon filed her petition in the Probate Court to obtain dower in these notes. Her petition was granted, and the administrator appealed. On the appeal the Circuit Court found, among other things, that Mrs. Mellon, at the time she received the conveyance from Lester, in lieu of dower, was ignorant of the existence of the notes referred to; that they were in the possession of Lester, and that he concealed from her the fact of their existence. That court also rendered a judgment awarding Mrs. Mellon one-half the amount of the notes as dower. While this proceeding was still pending, and before the judgment of the Circuit Court therein, Crowley, in a suit brought on the notes as administrator of Mellon, recovered judgment against Lester's administrator for the sum of $3000. Crowley's attorney collected $1070.50 on this judgment, and assigned the residue of it to A. M. Davis, a creditor of Mellon, in satisfaction of a claim probated against the

estate. Crowley reported to the Probate Conrt the recovery of the judgment against Lester's administrator, and its assignment to Davis. The disposition thus made.of the judgment, appears to have been shown by the administrator's final settlement, which was approved by the Probate Court. This action was commenced after his discharge. The court below allowed him for an attorney's fee in the suit against Lester's administrator, for commission on the sum recovered and for actual expenses, credits amounting to $540, and gave judgment against the defendants for one-half of the balance of the sum recovered on the notes ($1230) together with interest thereon at six per cent. per annum.

The defendants appealed.

*Sam W. Williams*, for appellant, Crowley.

The complaint is fatally, defective. It states too little and too much. It fails to specifically charge fraud in procuring the confirmation of his final settlements and final discharge by the administrator. It states too much in setting out that final judgment. It fails to show that the administrator ever received any money in trust for the widow, or that he was bound to her for any sum so received. The widow is not an heir or distributee, and the administrator owes her no duty to collect or protect her dower interest. He is not liable except for money had and received, or specific property in kind. Here Crowley neither had her money nor her property in kind, but her own and his attorney and Davis received the proceeds, and Davis is liable, if any one.

She takes her dower in specific property by way of lien, not as distributee, and her dower is carved out of the specific property. *5 Ark., 608; 8 Ark., 9; 19 Ark., 424.* It is true, if the administrator gets possession of property in which the widow is entitled to dower, he is a trustee for her until her dower is assigned. *Cases supra; 17 Ark., 581.* It is not the duty of the administrator to gather up, collect or save her dower ( *Mansfield's Digest, sec. 62* ), or make him responsible

for negligence to her, for she, having a specific lien, is able to protect herself by action in her own name as a creditor or distributee can not do.

The court below labored under three errors.

1. That the administrator was bound to protect the widow's dower, as he is that of a legatee or creditor. This is.not tenable. *See cases supra.*

2. That the judgment of discharge of Crowley was a fraud on Mrs. Mellon, simply because the proof disclosed that there had been a judgment, by a special judge, that five notes should be divided in kind, an impossibility on its face, if this nondescript were otherwise good, and this too regardless of the facts that appellee's attorney, as well as Crowley's, and through him herself, had assigned the judgment to Davis to relieve her own lands from the lien of the judgment, and that appellee had accepted a fee in lands in full of all dower.

3. That the judgment in discharge was void and did not protect Crowley. Now it is evident that judgment is the last adjudication, and, being of a court of competent jurisdiction, binds the world. *11 Ark., 519, and other cases Ark. Rep.*

4. That discharge cannot be questioned collaterally, by showing that a special judge decreed that five notes should be divided in two; a judge whose election is not shown, and which is void, for consent can not give judicial power. *7 S. W. Rep., 384.*

5. The judgment of discharge could not be avoided by showing that Crowley filed an inventory of the notes, sued Lester and recovered judgment. That does not prove fraud, for the presumption is against fraud. And it was proven, first, that Mrs. Mellon consented, through her attorney, to the transfer of the judgment to relieve her dower lands. Second, that the judgment was not recovered on the notes at all, but on a compromise. Third, that Mrs. Mellon accepted a conveyance of land from the sole devisee, in full of all dower.

6. The judgment discharging Crowley was *in rem.* and

bound the world, and certainly those interested in the estate. *35 Ark., 331.* They should have excepted to the confirmation of the accounts.

7. The notes in this suit accrued before the passage of the act giving the widow dower therein. The act was not retroactive, and the widow's dower was governed by the act of 1839, which postponed the widow until the creditors were paid.

*L. L. Mack* and *J. N. Cypert*, for appellee.

1. An administrator is a trustee for the widow as well as creditors, and pays out or misapplies the assets at his peril. Crowley is estopped from disputing that the assets came to his hands by his report to the Probate Court.

2. The judgment of the Circuit Court, adjudicating plaintiff's right of dower, can not be attacked collaterally. But if the judgment was void, the Chancery Court had jurisdiction, and there is enough in the complaint to entitle her to dower; Crowley having fraudulently obtained his discharge, he is liable to have his account restated, and a decree against him for the amount found due.

3. The widow was entitled to dower in the specific property, and the Probate Court the proper forum. *Const. Ark., Art. 7, sec. 34 ; 5 Ark. 608.*

4. The widow could waive her right to dower in the lands and elect to take dower in the notes, the proceeds of the sale of the Lester lands. Equity impresses the proceeds with the character of the property sold.

Even if the judgment was wrong, it is binding unless appealed from, as the court had jurisdiction, and simply committed an error.

The administrator occupied the same trust relation to the widow for her dower in the personalty that he does to creditors, and any act which defeats her rights is as much a fraud as if she were a creditor.

COCKRILL, C. J.   It is apparent that Mrs. Mellon was not entitled to have dower assigned to her out of the notes exe- 1. DOWER : cuted by Lester to her husband.   Her right to dower was *In choses in action:* fixed by the law in force at her husband's death.   The *Judgment assigning.* statute governing the matter at that time did not give the widow an absolute right to dower in her deceased husband's choses in action, but only in what was left after the payment of his debts.   *Acts of 1859, p. 299.*   The law was changed by act of March 8, 1867, so as to make her right of dower in such property superior to the claims of creditors.   After the passage of the latter act, Mrs. Mellon petitioned the Probate Court, where the administration of the estate of her deceased husband was pending, to compel the administrator to assign her dower out of the Lester notes.   The court granted the prayer of her petition and the administrator appealed to the Circuit Court, where judgment was again rendered in favor of the widow.   The answer does not deny the validity of the judgment nor is it pretended that it has ever been reversed or set aside.   We must then treat it as in force.   It is the judgment of a superior court having jurisdiction of the subject matter and parties; and although the court which pronounced it erred in applying the act of 1867 to the assignment of the widow's dower, the validity of the judgment cannot be questioned collaterally.   It is, therefore, the insurmountable obstacle to what would otherwise appear to be a fair and just solution of this controversy.

The proof does not show a suspicion of intentional fraud on the part of the administrator.   No part of the proceeds of the notes went actually into his hands.   But the attorney whom 2. SAME: he had empowered to collect them for the estate, converted *Same.* what he had collected to his own use, and without previous authority from the Probate Court, assigned, in the administrator's name, the residue of the judgment for their recovery, to a creditor of the estate in payment of his probated claim.   The collection of the money by the attorney was in legal contem-

Crowley v. Mellon.

plation a collection by the administrator, and the latter made the assignment of the judgment his own act by adoption by reporting the fact to the Probate Court in the course of his administration, and obtaining its approval by that tribunal. The title to the judgment was thus vested in the creditor to whom it was assigned, and he was empowered to collect the amount due upon it as he did, thereby depriving Mrs. Mellon of the power to have dower assigned out of the notes (or the judgment into which they had merged) in pursuance of her judgment for dower.

3. SAME: Conversion of widow's interest in notes. The matter stands as though the full amount of the judgment rendered for the recovery of the notes had been collected by the administrator, and devoted wholly by him to purposes other than the satisfaction of the widow's dower as fixed by her judgment against him. But personal property belonging to the estate out of which the widow is entitled to dower, is held by the administrator in trust for her, to the extent of her interest, (*Menifee v. Menifee, 8 Ark., 9; Bob v. Powers, 19 ib., 440*), and he becomes liable to her in his official capacity for the value of her interest, if he deprives her of the benefit of it. *Howard v. Menifee, 5 Ark., 668*, and cases *supra*.

4. SAME: But, conceding that to be true, it is argued that the widow is debarred of enforcing her right in this case for several reasons. It is said that the attorney whose mismanagement appears to have involved the parties in this controversy, was the attorney of Mrs. Mellon. The answer so alleges, but the proof does not sustain the allegation. There is no proof to the point except what is found in Crowley's deposition. He says that some time after the year 1871, before suit was instituted by him on the Lester notes, he agreed with Mrs. Mellon and one of the heirs of Mellon's estate to prosecute the suit with them for the benefit of all, the widow and heir to pay the expenses, and that he employed attorneys with that understanding. But Mrs. Mellon and the other party, he says,

failed to comply with their agreement, and the suit was brought in his name alone, as administrator. He thereafter speaks of the attorney who conducted the suit as *his* attorney. He never thereafter recognized Mrs. Mellon's right to dower in the notes, so far as the proof discloses, although her object, he says, in proposing to join him in the suit, was to collect her dower interest. But on the contrary, while he was pressing the suit to collect the notes, he was resisting Mrs. Mellon's suit to recover dower in them; and, although the former suit was pending for several years, it was determined before the widow succeeded in concluding her suit for dower. When the latter was heard and determined, the attorney had already collected a part of the judgment for the recovery of the notes and assigned the residue. But no defense appears to have been made in the suit for dower upon the ground that he was acting as the widow's attorney. If it was, the judgment is conclusive that the question was determined against the administrator

Again, it is argued that Mrs. Mellon had accepted a conveyance in fee simple from the sole devisee of her husband's lands in full of all dower. But that defense was interposed against the widow's right to dower in her petition for its assignment and was adjudicated against the administrator. That adjudication precludes further inquiry into the question.

It is further argued that the judgment of the Probate Court approving the administrator's settlement (which showed the disposition he had made of the judgment on the Lester notes), and discharging him from the trust, is a bar to this suit. But it is only persons whose rights are affected by an administrator's settlement who are charged with notice of its filing and are bound by the judgment of confirmation. *Jones v. Graham, 36 Ark., 401.* The widow is not named as one of the parties required to except to his reports (*Mans. Dig., sec. 128*), for the obvious reason that she is not concerned in the administration. Her right is superior to that of creditors and independent of the

5. SAME: Widow's right not affected by probate proceedings.

administration. She cannot, therefore, be said to be a party to the probate proceedings; and orders made by the court, in the course of the administration, although made in reference to property out of which her dower is to be carved, are void as to her, like the judgments of other courts acting without the jurisdiction of the parties. *Goodman v. Moore, 22 Ark., 196 ; Webb v Smith, 40 ib., 24; Hutchinson v. Lemcke, 107 Ind., 121; Dieffenderfer v. Eshleman, 113 Pa. St , 305.* Nor did Mrs. Mellon's petition to compel the administrator to assign her dower in the personalty make her a party to the administration. Her judgment for dower was upon its face the end of her litigation ; it left nothing open for further action ; it consummated her dower right and vested in her the legal title to the property described in it. When the term expired the judgment passed beyond the court's power of interference. Thereafter it could be set aside or annulled only in a superior tribunal, and the subsequent order of the Probate Court confirming the disposition the administrator had made of the judgment, had no more binding force upon the widow than have the orders of that tribunal upon any other stranger to its proceedings. As well might it be said, that one who is without knowledge that his property has been converted into assets by the administrator to be used in the payment of his decedent's debts, is bound by an order of the Probate Court confirming the administrator's disposition of it. But in addition to this, there is nothing to indicate that the court intended to affect the widow's interest by the order of confirmation. The administrator held a part of the judgment as assets of the estate ; he reported that he had assigned it to a creditor in payment of his probated claim ; the questions of the widow's dower and of her interest in the judgment were not presented to the court for adjudication. The order should therefore be limited as against the widow, so as to apply only to so much of the judgment as was assets in the administrator's hands. *Webb v. Smith, sup.* In no view can it operate as a bar to the widow's recovery.

In so far as the administrator has paid a debt of the estate with assets which he is compelled to refund to the widow, he will be subrogated to the rights of the creditor of his intestate, and may resort to any remedy the creditor would have against the assets of the estate that remain unadministered. Finding no error, the decree is affirmed.

6. SUBROGA-
TION:

Of admin-
istrator to
right of cre-
ditor.

