MAYO *v.* ARKANSAS VALLEY TRUST COMPANY.

Opinion delivered February 17, 1919.

1.  APPEAL AND ERROR—SUBSEQUENT APPEAL—LAW OF CASE.—The findings of the Supreme Court on a former appeal became the law of the case and binding both upon the chancery court and upon this court on a second appeal.

2.  DOWER — EXPENSES OF ADMINISTRATION.—Under the statute a widow is entitled to one-third of the estate free from costs, ex-

penses and creditor's claims, but where she claims more than such share she takes subject to creditor's claims and the expenses of administration.

3. DOWER—ASSIGNMENT.—A widow does not take her dower interest in severalty until there is an assignment.

4. DOWER—RENTS—EXPENSES.—The rents of which a widow is to receive her proportionate share under Kirby's Digest, § 77, are the net rents, being subject to deduction for necessary expenses, such as repairs and taxes.

Appeal from Sebastian Chancery Court, Fort Smith District; *W. A. Falconer,* Chancellor; affirmed.

*Hill, Fitzhugh & Brizzolara,* for appellant.

1. This is the second appeal in this case. 132 Ark. 64. The facts and evidence are substantially the same. The law is settled by the former decision and the court below disregarded the findings of this court on remand of the case and the findings of the chancellor are against the evidence. The court below erred in allowing the widow only one-third dower on $40,403.14 personalty, when the amount should have been increased by the rents and the basis should have been one-half. Also in giving Mrs. Mayo credit for only $26.20 out of the net profits of running the business. She should be credited with one-half of the $573.56 instead of one-third of the net profits. Kirby & Castle's Digest, § 2923. The real estate was a new acquisition. One-half the personal property was insufficient to pay the debts, but it did not require two-thirds for that purpose. The statute means that the widow where there are no children takes as dower one-third against creditors and one-half against collateral heirs even it takes all the remainder to pay the debts. 7 Ark. 402; *Ib.* 542. All questions before the court before are now *res adjudicata.* 26 Ark. 17; 14 *Id.* 575; 56 *Id.* 170.

2. The debts did not exceed two-thirds of the personal estate. The rents were available to pay the debts. The cost of administration is not to be considered in allowing the widow dower and she was entitled to dower in the net rents. The court below erred in its refusal to treat

$573.66 as the net profits of the beer business, and in allowing the widow only one-third instead of one-half. The Pabst debt was properly included in the probated debts and it was largely paid out of accrued rents. The decree below is fundamentally wrong in excluding the rents. All the rents should be included in assigning dower.

*C. A. Reid* and *Read & McDonough,* for appellee.

The decision on former appeal directed the chancellor to hear additional testimony and clear up any ambiguity existing. Such a practice is supported by our decisions. 75 Ark. 452; 76 *Id.* 377; 98 *Id.* 105; 92 *Id.* 350; 83 *Id.* 591; 88 S. W. 995; 134 *Id.* 948; 122 *Id.* 945; 98 *Id.* 958. To get the truth new testimony was adduced and appellant made no objections. There was only an issue of fact before the chancellor and his findings are conclusive as he followed the directions of this court. The law has been settled. 132 Ark. 64. The widow was entitled to share in the rents. Kirby's Digest, § § 2709 and 77. The former opinion left the entire matter of finding the facts to the chancellor. This court found no facts at all. The debts did exceed two-thirds of the personal estate. There is no proof that the rents from real property come within the rule of 60 Ark. 461. The lower court has settled all question of facts and the decree should be affirmed.

McCULLOCH, C. J. This controversy concerning the dower of appellant in the estate of her deceased husband comes back on a second appeal. The details of the controversy were stated in the opinion on the former appeal. 132 Ark. 64.

It is contended now by learned counsel for appellant that the chancery court, in rendering the decree on the remand of the cause, disregarded the findings of this court, which became the law of the case and were binding on the chancery court, as well as on this court in the subsequent progress of the case. Counsel are mistaken in their interpretation of the opinion and former judgment of this

court. We made no findings of fact and gave no specific directions to the chancery court as to what its decree should be. On the contrary, we said that there appeared to us very little controversy concerning the facts of the case, that the chancellor had merely erred in his construction of the statute, and could readily apply the facts to our interpretation of the law and thus end the controversy. It is true that we made certain observations concerning the facts as we understood them from the record, but that was not intended as an adjudication of the facts, but merely as a statement for the purpose of forming a basis for announcing the law on the subject. In closing the opinion we said that the discussion was sufficient, we thought, "to enable the chancellor to allot the dower of the widow without further controversy as to her rights," and we remanded the cause for further proceedings in accordance with the opinion. In the judgment of this court, which constituted the last expression on the subject, it was said that the chancery court "erred in its construction of the statute declaring the rights of the widow," and that the cause would be remanded "for further proceedings to be had therein according to law and not inconsistent with the opinion of this court." It is thus seen that we gave no directions to the chancellor on the questions of fact, but merely construed the statute for his guidance.

It is also contended that the chancellor's findings as to the facts are not in accordance with the evidence, but we are unable to say from the abstract of the record furnished that such is the case.

Without restating the issues in the case, we will notice the contentions of counsel that the law was again misapplied by the chancellor, or rather that the chancellor erred in his conception of the law on the subject. In the first place it is contended that the chancellor included the expenses of administration in the aggregate of claims against the estate and erred in charging those expenses against the widow's dower.

It is true that expenses of administration are not chargeable against the widow's dower to the extent of the minimum allowed by the statute, for the widow takes dower to that extent regardless of both debts and expenses of administration; but under the statute the widow is endowed of only one-third of the estate as against creditors, and it necessarily follows that, as a widow can not claim more than one-third as against creditors, she can not claim more than that as against the necessary costs and expenses of administering the estate for the benefit of creditors. In other words, she gets the minimum of one-third free from costs and expenses, but her claim for more than that must yield to the claim of creditors, not only to the extent of their debts, but also to the extent of the necessary cost and expenses of administration.

Again it is urged that the court erred in deducting the amount of the Pabst Brewing Company's mortgage debt from the whole of the rents before distribution to the widow of her share instead of merely applying the rents of that particular property to the discharge of the mortgage debt. The ruling of the chancellor is in accordance with our decision on that subject on the former appeal. We said that on account of the acquiescence of the parties in the act of the executor in collecting rents and applying same in satisfaction of the mortgage debt they cannot complain, and that the rents should be distributed after deducting the amount applied in payment of the mortgage debt. This relates to the whole of the rent and is not confined to the rents accruing from the particular property which was embraced in the mortgage, for the widow does not take her dower interest in severalty until there is an assignment. *Arbaugh* v. *West,* 127 Ark. 98. In the opinion on petition for rehearing on the former appeal we inappropriately used the words "gross amount" with reference to the rents to be distributed, and counsel now argue that the opinion ought to be construed as holding that the apportionment of rents to the widow must be of the gross amount without deducting expenses, repairs, taxes, etc. The use of the words

just referred to was, as we have said, inappropriate, but it is manifest that we did not mean the words in that sense, and intended to announce that the aggregate amount of the net rents should be distributed after deducting the mortgage debt. In other words, that the residue of the net rents, after deducting the mortgage debt, was to be distributed. We should have used the word "aggregate" instead of the word "gross," but the meaning is, we think, clear. It was not the purpose of the lawmakers to distribute to the widow a proportion of the gross rents, but merely of the net rents. The arrangement is only temporary, and the injustice of distributing the gross rents without deduction of repairs, taxes, etc., is too manifest to warrant the inference that the lawmakers intended that. The statute (Kirby's Digest, sec. 77) reads that the distribution of rents to the widow shall be "in proportion to her interest therein," which, when fairly construed, means that the amount to be distributed is subject to deduction of necessary expenses, such as repairs and taxes.

The amount distributed by the court to the widow out of the estate was, as far as we can discover, in accordance with the principles of law announced by this court.

Decree affirmed.