THOMPSON *v.* UNION & MERCANTILE TRUST COMPANY.

Opinion delivered May 19, 1924.

1. TAXATION—NATURE OF FEDERAL ESTATE TAX.—The estate tax imposed by the revenue act of Congress of February 24, 1919, is not a tax upon the succession and receipt of benefits under the law or the decedent's will, but an excise or death duty upon the transfer of his estate.

2. INTERNAL REVENUE—FEDERAL ESTATE TAX.—The United States demands payment of the estate tax from the personal representatives, but is not concerned as to who shall ultimately bear the weight of the tax, which is a question for the State courts to settle, if the beneficiaries of the estate cannot agree.

3. DOWER—WIDOW'S ESTATE IN HUSBAND'S LANDS.—Under Crawford & Moses' Dig., § 3514, providing that "a widow shall be endowed of a third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage, unless the same shall have been relinquished in legal form," a widow's dower in real estate is not subject to deduction for any part of the Federal estate tax.

4. DOWER—WIDOW'S INTEREST IN HUSBAND'S PERSONAL PROPERTY.—Under Crawford & Moses' Dig., § 3535, providing that a widow shall be endowed "absolutely and in her own right" to one-third of the personal estate whereof her husband died seized or possessed, the widow takes dower in personalty subject to liens created prior to the husband's death, but without deduction for any claims against the estate, including the Federal estate tax.

Appeal from Pulaski Circuit Court, Second Division; *Richard M. Mann,* Judge; reversed.

*Moore, Smith, Moore & Trieber,* for appellant.

Differing from the act of Congress of February 24, 1919, under our State statute the tax is classified with reference to the degree of relationship between the decedent and the beneficiaries, and also with reference to the amount of the gift. It is deducted from each particular legacy and distributive share, and is not imposed upon the estate as a whole. It is a tax on the right of the beneficiary to receive what passes to him from the estate, and is not a tax on the right to transmit. It is not paid out of the general assets of the estate, but is deducted by the administrator or trustee having in charge or trust any legacy or property subject to the tax. See act 197, Acts 1913, p. 824; act 96, Acts 1917, p. 455, amending subdiv. 1 of § 1, of the Act of 1913. The Federal estate tax is imposed on the estate, and not on the particular parts thereof distributable to the beneficiaries under the intestate laws of the State, or the will of the decedent.

40 Statutes at Large, 1096, §§ 401, 402, 403, 404, 407, 408, 409. Comparison of the provisions of the former revenue act of Congress of 1898 with the later act makes plain the intention of Congress in passing the present act. See 178 U. S. at p. 62. All assets are subject to the tax as between the government and the estate, or those to whom it passes in succession, but the statute does not undertake to apportion the tax as among those to whom the estate is transferred. It is not material, for the purposes of the act, how the tax shall be apportioned among the recipients of the estate. 287 Fed. 651; 226 N. Y. 407, 124 N. E., 4; 233 Mass. 471; 124 N. E. 265; 178 U. S. 41. As to the effect of the act upon the dower interest, see 267 Fed. 993; 262 Fed. 52. It may reasonably be assumed that the intention of Congress in amending the act of 1916, the act under consideration in the cases just cited, so that by subdivision (b) of § 402 of the act of 1919 it is provided that the interest of the surviving spouse shall be considered in determining the gross value of the estate, was to provide that the interest of husband or wife should be considered in determining the value of the gross estate, and should not be deducted from the gross estate under the provisions of subdivision (a) (1) of § 403. Under a recent decision of the Supreme Court of the United States, February 18, 1924, 44 Sup. Ct. 291, it was held that the Federal estate tax is not on the receipt of benefits under the law or a will, but is on the interest which ceased by reason of death. The State law determines if and how the widow is to contribute to the tax as between herself and the heirs. The opinion expressly refutes the contention of appellees that the heirs would not benefit by the exemptions contained in the State tax law if the incidence of the tax is where it must be by the State law. A widow does not take dower as an heir of her husband or by virtue of the intestate laws, and same is not subject to the inheritance tax. 120 Ark. 295; 134 Ark. 71-73-74; 31 Ark. 576-579; 196 Fed. 278; 11 Ark. 94-103.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.

Counsel for appellant attempt to draw a distinction between the State inheritance tax and the Federal inheritance tax, by calling the former an inheritance tax, and the latter an *estate tax,* but, in point of fact, what is taxed in both cases is exactly the same thing, namely, the transfer of the property in consequence of death. Crawford & Moses' Digest, § 10218, provides: *"A tax shall be and is hereby imposed upon the transfer* of any tangible property within the State," etc. The Federal statute (2d Supplement to U. S. Compiled Statutes, p. 1369) provides: *"A tax* equal to the sum of the following percentages of the value of the net estate *is hereby imposed upon the transfer* of the net estate of every decedent dying after the passage of this act." It is the transfer that is taxed in both instances. The only difference is that the State statute undertakes to determine on whom the burden shall ultimately fall, while the Federal statute only provides for the payment of the tax by the executor or administrator, leaving the distribution of the burden to the courts of the States. 287 Fed. 651. Appellant's argument is based upon the assumption that, in our jurisprudence, the rights of the children are always to be sacrificed to those of the widow. That position was repudiated by this court at an early date, and has never found sanction in our decisions. 55 Ark. 225; 68 Ark. 449; 132 Ark. 71; 131 Ark. 232; 147 Ark. 433; 158 Ark. 255. The Legislature in 1917 passed a statute to remedy the defect in the original act, Acts 1909, p. 904, as amended by act 197, Acts 1913, which was strictly an inheritance tax and applied only to estates descended, and under which it was held that no inheritance tax was chargeable against the widow's dower (120 Ark. 295), and under it the words "estate" and "property" were made to include the widow's dower or any property granted or devised in lieu thereof. Act 96, Acts 1917, p. 455. This statute was construed to

mean that, although it made no provision for the payment of any part of the tax by the widow, the inclusion of the widow's dower in the description of property taxable meant that she should pay her share of the inheritance tax. 156 Ark. 169. The original act of Congress creating inheritance taxes (6 U. S. Comp. Stat., p. 7364) likewise provided for a tax which was strictly an inheritance tax, and expressly exempted widow's dower. It was probably the construction of this statute as inapplicable to the widow's dower, in *Randolph* v. *Craig,* 267 Fed. 993, that occasioned the passage of the statute of February 24, 1919 (Supplement 1919 U. S. Comp. Stat. p. 1367), and which, at p. 1370, in § 6336¾C of that volume, expressly subjects to the tax "the interest of the surviving spouse existing at the time of the decedent's death, as dower, curtesy, or by virtue of a statute creating an estate in lieu of dower or curtesy." This tax is made a lien on the gross estate of the decedent, including the widow's dower. See § 409 of the act. 275 Fed. 688.

McCULLOCH, C. J. The question involved is whether a part of the Federal estate tax is to be apportioned against the widow's dower, or the tax deducted from the gross estate before the assignment of dower; or whether the widow, as against the heirs of her deceased husband, takes dower out of the gross estate without deduction of the tax and without being required to pay a proportionate part of the tax. The solution of this question depends, first, upon the interpretation of the Federal statute imposing the tax; and next, upon the interpretation of the statutes of this State providing for widow's dower.

The Federal statute imposing the tax at the time of the death of appellee's intestate was enacted February 24, 1919, and is found in 40 Stat. at L., pp. 1057-1096. The particular sections of the statute involved are §§ 401-2-3. The statute provides that a tax graduated by percentage upon the value of the net estate shall be "imposed upon the transfer of the net estate of every decedent dying after the passage of this act." Sec-

tion 402 provides for the ascertainment of the value of the gross estate and declares, among other things, that it shall include the interest of the decedent to the extent "of any interest therein of the surviving spouse, existing at the time of the decedent's death as dower, curtesy, or by virtue of a statute creating an estate in lieu of dower or curtesy." Section 403 provides for a method of ascertaining the value of the net estate by deducting from the gross estate funeral and administration expenses, claims against the estate, losses from casualties not insured against, and amounts which by law of the domicile are required for support of the dependents of the testator, but not including income taxes or estate, succession, legacy or inheritance taxes. There is an exemption of $50,000 valuation, and the graduated percentage of the tax begins with one per cent. on the first $50,000 value.

The purpose and effect of the Federal statute is very clearly interpreted in a recent decision of the Supreme Court of the United States, and we need not pursue that subject beyond the decision of the court of last resort. *Young Men's Christian Assn.* v. *Davis,* 264 U. S. 47. The court defined the tax in the following language:

"What was being imposed here was an excise upon the transfer of an estate upon death of the owner. It was not a tax upon succession and receipt of benefits under the law or the will. It was death duties as distinguished from a legacy or succession tax. What this law taxes is not the interest to which the legatees and devisees succeeded on death, but the interest which ceased by reason of the death."

It is made clear by the decision just referred to that the tax is upon the transfer of the estate from the owner and is a lien on the net estate as a whole. It takes no account of distributive shares in the estate under State laws, and the statute does not attempt to apportion the tax, as the question of apportionment and distribution of a decedent's estate is dependent entirely on State law. This is clear, not only from the express language of the decision referred to, but also by analysis of the effect of

the decision upon the subject-matter of the litigation. In that case there was involved the estate of a citizen and resident of the State of Ohio, who died leaving a will, which, after making certain specific bequests and providing for payment of debts and funeral expenses, devised the residue of the estate to the Young Men's Christian Association, the Young Women's Christian Association, the American Missionary Association, and Berea College.

The Federal statute, *supra,* provides, in substance, for the deduction from the gross estate, in determining the amount of the taxable net estate, of the amount of all legacies or devises "to or for the use of any corporation organized exclusively for religious, charitable, scientific, literary or educational purposes." It was contended that, as between the different distributees of the estate of the testator, the property bequeathed in the residuary clause to the charitable institutions should be distributed free from the tax for the reason that the statute deducted property so bequeathed in ascertaining the amount to be taxed, and that this, in effect, constituted an exemption from the tax of the property so deducted. Both the Supreme Court of Ohio and the Supreme Court of the United States overruled that contention and held that an exemption in favor of property devised to a charitable institution operated merely as a deduction of property so bequeathed from the amount of the gross estate and did not exempt the legatee of such property from the payment of the tax. In disposing of that contention the court said:

"There is nothing in subdivision (3) of § 403 which exempts the recipients of altruistic gifts from taxation; it only requires a deduction of them in calculating the amount of the estate which is to measure the tax. It exempts the estate from a tax on what is thus deducted just as subdivision (4) exempts in terms the estate from taxation on its first $50,000; but this does not operate to exempt any legatee who may be entitled to the first $50,-000 in the distribution, from deduction to contribute to

the tax ultimately imposed, if, by the law of the State, such should be its incidence.''

This language of the opinion of the Supreme Court of the United States completely disposes of the argument of counsel for appellee that the reference in § 402 to ''any interest therein of the surviving spouse'' necessarily means that the interest of the spouse in the estate of the decedent must bear its proportionate part of the tax. This reference, the same as the reference in the other subdivision to charitable bequests, only relates to the question of fixing the value of the whole estate to be taxed, and not to the apportionment of the tax to any particular part of the estate. A similar conclusion was reached by the Supreme Court of Ohio, from which the case was taken to the Supreme Court of the United States on certiorari. *Young Men's Christian Association* v. *Davis,* 140 N. E. 114.

The New York and Massachusetts courts also reached the same conclusion in elaborate and very convincing opinions. *In re Hamlin,* 226 N. Y. 407; *Plunkett* v. *Old Colony Tr. Co.,* 233 Mass. 471. In the opinion of the court in the New York case cited above, attention is called to the debates in Congress on the enactment of this statute, in which it was stated by the chairman of the Ways and Means Committee that the design was to place the tax on the whole estate and to obviate the necessity for the government to consider State statutes of distributions in enforcing the tax.

The tax is made by the statute a lien on all of the property transferred by the death of the decedent (except certain specified value to be deducted), but the question of the apportionment of the tax between the distributive interests is one which depends entirely upon State laws. In a case involving this question, decided by the United States Circuit Court of Appeals for the Second Circuit, it was said: ''The United States demands payment of the estate tax from the executors, but it is not concerned who shall ultimately bear the weight of the tax, which is a question for the State courts to settle, if

the legatees and devisees cannot agree." *Edwards* v. *Slocum,* 287 Fed. 651.

We turn, then, to the laws of our own State to determine the extent of the widow's dower. What part of an estate does the widow take as dower? The statute provides (Crawford & Moses' Digest, § 3514) that "a widow shall be endowed of a third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage, unless the same shall have been relinquished in legal form." Section 3535, Crawford & Moses' Digest, provides that a widow shall be endowed "absolutely and in her own right to one-third part of the personal estate, including cash on hand, bonds, bills, notes, book accounts and evidences of debt, whereof the husband died seized or possessed."

It has been repeatedly decided by this court that, where a widow has joined her husband in a mortgage on land, her dower is subject to the mortgage, and that she cannot require the executor or administrator to pay the mortgage out of the personal property of the estate so as to give her dower in the lands free of the mortgage. *Hewitt* v. *Cox,* 55 Ark. 225; *Salinger* v. *Black,* 68 Ark. 449; *Mayo* v. *Arkansas Valley Trust Co.,* 132 Ark. 64. A description of the property assigned to the widow in the present case is not set forth in detail, but, assuming that a portion of it was real estate, it is not shown that the lands were mortgaged.

Our statute concerning dower in personalty gives the widow one-third of the gross personal estate without any deduction. In the case of *Hewitt* v. *Cox, supra,* Judge BATTLE, speaking for the court concerning a widow's dower in personalty, said:

"The wife does not acquire, by marriage, an inchoate right of dower in the personal property of her husband. He can sell, pledge, mortgage and dispose of it, free from any claim of hers, at pleasure. Her right to dower in it does not accrue until he dies, and then she only takes dower in such interest in it as he had at his death. All liens on it, when he died, take precedence of

her dower. * * * She takes dower subject to the liens existing at his death, and has no right to call on the administrator to redeem the property."

This decision is determinative of the question that a widow takes dower in personalty subject to the liens thereon created prior to the husband's death, but the statute does not permit deductions for claims against the estate, either for expenses of administration, funeral expenses or debts of the decedent. *Trimble* v. *James,* 40 Ark. 393; *Hatcher* v. *Buford,* 60 Ark. 169; *Stull* v. *Graham,* 60 Ark. 461. The language of the statute is that the widow shall be endowed of the personal estate "whereof the husband died seized or possessed." Under the Federal statutes the estate tax does not accrue until the death of the decedent, for it operates as a tax on the estate for the transfer from the decedent. It does not become a lien prior to the death of the decedent, though it arises coincident with his death and the widow's dower accrues on the whole estate at the same moment that the lien of the tax accrues. The dower interest vests immediately and without assignment becomes subject to transmission by conveyance or inheritance. *Barton* v. *Wilson,* 116 Ark. 400. The dower right and the tax lien are co-existent, but the dower right is subordinate to the tax lien for the reason that the tax is imposed on the whole estate. The tax is not taken into account in determining the amount of the estate out of which the dower is carved, but, as before stated, the statute in express terms provides for endowment out of the whole of the personal estate of which the husband died seized or possessed. The husband died seized and possessed of the property, notwithstanding the tax which accrued at the time of his death. *Hatcher* v. *Buford, supra.* Though the tax is a lien on the whole estate, it is discharged, like other claims against the estate, out of property other than the widow's dower, and the fact that it is a lien, and that the government may enforce that lien even against dower property, does not make the dower taxable as against the heirs of the decedent. We have nothing to do with the

justice or the policy of our laws in this regard, as that is a matter entirely for the legislative branch of government.

It follows from what we have said, that the administrator had no right, after paying the tax out of the funds of the estate, to deduct any part from the widow's dower.

The judgment of the circuit court is erroneous, and the same is reversed, and the cause remanded with directions to enter a judgment in accordance with the law as announced in this opinion.

HART, J., (dissenting). The constitutionality of a Federal inheritance tax is upheld in *Knowlton* v. *Moore,* 178 U. S. 41; the constitutionality of a Federal estate tax is established in *New York Trust Co.* v. *Eisner,* 256 U. S. 345.

In the latter case it was expressly held that the rights of several States to regulate descents and distributions are not constitutionally interfered with by a Federal estate tax imposed by an act of Congress. It was also decided in that case that the tax in question imposed by Congress is an estate tax, and not a legacy or succession tax.

We do not agree with the majority opinion that, because this construction has been placed upon the act of Congress by the Supreme Court of the United States, it results that the tax is a debt, and should not be considered by the court in allowing dower to the widow under our statute.

The act of Congress takes no notice of the disposition made of the estate by the testator or by the law as to intestate property, and looks only to the net estate itself as defined by the act of Congress. The statute imposes the tax on the gross estate of the decedent, and it becomes a lien upon the whole estate, and must be discharged by payment by the executor before the estate passes to the distributees, legatees, or the widow. It is levied on the estate in the hands of the executor or personal representative of the decedent, and, under the act of Congress, the United States is entitled to its share

of the estate before the claims of the widow, heirs or devisees can be satisfied. The latter take only such part of the decedent's estate as remains after payment of the tax, which, as we have already seen, is levied upon the whole estate of the decedent. What passes to the widow, heirs or devisees, and to which they acquire title, is the portion of the estate remaining after the payment of the Federal estate tax.

The act specifically provides for the payment of the tax by the executor. It provides that it is the purpose and intent of the act that the tax will be paid out of the estate before its distribution.

The act further provides that, unless the tax is sooner paid in full, it shall be a lien for ten years upon the gross estate of the decedent, except that such part of the gross estate as is used for the payment of charges against the estate and expenses of its administration, allowed by any court having jurisdiction thereof, shall be divested of such lien.

The executor must pay the tax out of the gross estate of the decedent, and the legatees and distributees of the estate get the remainder of the estate after deducting the amount of the tax. It is imposed before the estate reaches the legatees or distributees of the decedent, and it is a lien upon the gross estate. Therefore it seems a fair and just interpretation of the statute to hold that the legatees and distributees of a decedent, including the widow, only get what is left of the estate after paying the tax. This is so because the act makes the tax a lien upon the whole estate, and there is nothing to distribute until after it is paid.

Mr. Justice SMITH concurs in the views herein expressed, and we therefore respectfully dissent from the majority opinion.