DOLTON, GUARDIAN, v. ALLEN.

4-6947                                                         167 S. W. 2d 893

Opinion delivered February 1, 1943.

*O. E. Gates* and *Rowell, Rowell & Dickey,* for appellant.

*Bridges, Bridges & Young,* for appellee.

CARTER, J.   This is a controversy between the widow of an intestate and his two minor children by a former wife, each of said children being represented by a guardian, as to whether the widow is liable for her proportionate part of the expenses of liquidating the assets left by the intestate.

The property left by W. H. Jones, Sr., consisted principally of notes receivable, accounts receivable and a

considerable number of wrecked automobiles and automobile parts. His principal business was the ownership and operation of two automobile wrecking yards. He had purchased wrecked cars and either disassembled them, and sold the parts, or repaired or rebuilt the cars and sold them.

An administrator was appointed by the Jefferson probate court and he proceeded, with the approval of the court and with the tacit if not expressed consent of the widow, to collect as many of the notes and accounts as possible and to sell the cars and parts on hand, and, in general, to turn all the property which had any value into cash. This seems to have been done at considerable expense, and this expense has been accounted for as a part of, and intermingled with, the expenses of administration. It is impossible for this court, from the record before us, to separate them.

A considerable amount of the cash proceeds have been turned over to the widow at her request. On February 17, 1942, the guardians of the two children, one then six years old and one then nine years old, filed in the probate court their petition for distribution, in which they alleged that "the widow's dower of one-third interest in said personal property should be charged proportionately with the interest of the heirs in the costs of the administration of said estate, including administrator's and attorney's fees, and other incidentals, to the end that the costs of said administration shall be borne equally by the widow and the two heirs." The petition also alleged that if such order be not made the two heirs would receive practically nothing.

On February 20, 1942, the widow filed her petition asking that "one-third of all personal property owned by said W. H. Jones, deceased, at the time of his death be set aside and delivered to her, before the payment of any claims or expenses of said estate." At that time practically all the good assets seem to have been turned into cash.

On this issue, the probate court found that "the widow is entitled to her dower of one-third of the per-

sonal property free from any expenses whatever incurred by the administrator *in collecting* the assets due this estate."

An order was thereupon entered by the court directing the administrator "to deliver to the petitioner one-third of the personal estate which has been, is now, or may hereafter come into his hands, before the payment of any claims or expenses of said estate."

From this order the two guardians, for their wards, have appealed.

Under the statute, § 4420 of Pope's Digest, the widow is entitled, absolutely and in her own right, to one-third of the personal property of all kinds which her husband owned at his death, and this without deduction for any debts or claims or expenses of administration. See *Mayo* v. *Arkansas Valley Trust Co.*, 132 Ark. 64, 200 S. W. 505, and 137 Ark. 331, 209 S. W. 276, and *Thompson* v. *Union Merc. Trust Co.*, 164 Ark. 411, 262 S. W. 324, 37 A. L. R. 536.

She was entitled to one-third of each kind and class of personal property. She was entitled to one-third of each good note and account and automobile and had to take one-third of each bad one.

Here the widow sat by and tacitly, if not expressly, let her one-third interest be liquidated into cash by the administrator, and she is liable for one-third of the reasonable and fair cost of doing this work.

In *Crowley* v. *Mellon*, 52 Ark. 1 (1889) 11 S. W. 876, the widow sued the administrator, in chancery court, for her dower share (in that case one-half) of some notes which the administrator had collected. The court first deducted the cost of the collection, including attorney's fees and commission on the amount recovered and actual expenses, and then gave the widow one-half of what was left. She did not appeal. The decision of this court, therefore, is not in point on the particular issue before the court in the case at bar, but the decision of the trial court is in point and it shows the practice of a trial court as far back as 1889.

The administrator in that case did, however, appeal. As stated, the suit was in chancery. The administrator had filed, in probate court, his final account and there was a judgment approving same and discharging the administrator. This final account showed he had used the proceeds of the notes to pay debts, and expenses of administration. The widow sought, in chancery, to re-state the account and recover her half of the notes. The administrator contended that the probate court judgment was a bar to the widow's suit in chancery.

This court said that personal property belonging to the estate and out of which the widow is entitled to her dower, is held by the administrator, to the extent of her interest, in trust for her. She is not concerned in the administration. Her rights are independent of the administration. Orders made by the probate court, although made in reference to property out of which her dower is to be carved, are void as to her "like the judgments of other courts acting without jurisdiction of the parties." Consequently, the judgment approving the final settlement did not bind her.

In the case at bar, the record shows that the widow assented, at least impliedly, to the action of the administrator in reducing the assets to cash. In so doing, the administrator incurred expenses. The widow should be charged with one-third of the reasonable cost of liquidating the assets. The administrator, as to her one-third undivided interest in the assets, was acting as her trustee or agent and she is bound to pay one-third of the reasonable cost of the work done to turn the assets into cash.

We cannot determine, on this record, what part of the expenses, claimed by the administrator, represents the reasonable cost of turning the assets into cash, so the judgment will be reversed and the case remanded to the probate court with directions to separate from the expenses claimed by the administrator those expenses which were incurred in preserving the property, collecting the notes and accounts and selling the wrecked cars, parts, etc., in short, of turning the assets into cash; and then to ascertain the reasonable and fair cost of such services as the widow expressly or impliedly agreed should be

performed; and then charge the widow with one-third of such cost. We say "reasonable and fair cost." It is true that most of the expenses were approved by the probate court. But these actions of the court, under *Crowley* v. *Mellon, supra,* are not binding on the widow, and she may, if she sees fit, contest the fairness and reasonableness of costs claimed to have been incurred. She is not to be charged with any part of the cost of administering the estate, but only with her part of the reasonable cost of preserving the property, in which she owned an undivided one-third interest, and of liquidating, by sales and collections, that property into cash.

The judgment appealed from is reversed, and the cause is remanded to the probate court for further proceedings not inconsistent with this opinion.