WILCOX *v.* BREWER, ADMINISTRATRIX.

5-576                                                  274 S. W. 2d 777

Opinion delivered January 31, 1955.

*Wood, Chessnutt & Smith* and *Janicke & Herlocker,* for appellant.

*Wootton, Land & Matthews,* for appellee.

ED. F. McFADDIN, Justice. This appeal presents two questions in the administration of the Estate of Arthur L. Brewer, deceased. The appellants are the heirs at law, and the appellee is the widow, who is also the administratrix. The questions relate to the extent of the widow's dower, and its liability for a portion of the Federal estate taxes. The Probate Court judgment here appealed contained this finding:

"The court further finds that Naomi Brewer, as widow, is entitled to receive a full one-third (1/3) in kind of each personal asset belonging to the estate of every kind and character, wheresoever situated, undiminished by claims, secured or unsecured, which are defined to be liabilities whether arising in contract or in tort or otherwise, funeral expenses, the cost of a tombstone, expenses of administration, Federal estate taxes, and estate taxes due the State of Arkansas, . . . ."

I. *Dower In Pledged Stock Certificates.* Mr. Brewer died October 5, 1951, leaving an estate of several hundred thousand dollars net value. He owed a bank $43,002.48, which was secured by a pledge of 2,000 shares of Texas Company stock, worth several times the indebtedness to the bank. The Administratrix paid the bank debt from general assets[1] of the estate; and then the widow claimed her dower to be one third in the specific 2,000 shares of Texas Company stock released from the pledge to the bank by the payment from the general assets of the estate. The Probate Court agreed with the widow, and the heirs have appealed.

The appellants claim that when personal property has been pledged as security for a debt, then—regardless of the solvency or value of the estate—the widow takes dower only in that portion of the pledged personal property remaining after paying the secured debt; and the heirs cite *Hewitt* v. *Cox,* 55 Ark. 225, 15 S.W. 1026, 17 S.W. 873; *Thompson* v. *Union & Merc. Trust Co.,* 164 Ark. 411, 262 S.W. 324; 37 A.L.R. 536; *McClure* v. *Owens,* 32 Ark. 443; *Wolff* v. *Perkins,* 51 Ark. 43, 9 S.W. 432; and *McKinney* v. *Caldwell,* 220 Ark. 775, 250 S.W. 2d 117.

The appellee claims that the widow is entitled to dower in the stock, free of the debt for which it was pledged; and to sustain her position, she cites, *inter alia,*

---

[1] The words "general assets" occur in § 167 of Act 140 of 1949 (the Probate Code Act). These words, although undefined in the Act, evidently mean, as applied to this case, unpledged personal property of the estate. For some cases from other jurisdictions involving the words "general assets," see *Milam* v. *Davis,* 97 Fla. 916, 123 So. 668; *Hodgell* v. *Wilde,* 52 Wyo. 310, 74 Pac. 2d 336, 114 A. L. R. 671; and *In re Associated Gas & Elec. Corp.* (C. C. A. N. Y.), 137 Fed. 2d 603.

*Mayo* v. *Ark. Valley Trust Co.,* 132 Ark. 64, 200 S.W. 505, and 137 Ark. 331, 209 S.W. 276; *Thompson* v. *Union & Merc. Trust Co.,* 164 Ark. 411, 262 S.W. 324, 37 A.L.R. 536; and *Dolton* v. *Allen,* 205 Ark. 189, 167 S.W. 2d 893. In the latter case we said:

"Under the Statute (now § 61-202 Ark. Stats.), the widow is entitled, absolutely and in her own right, to one-third of the personal property of all kinds which her husband owned at his death, and this without deduction for any debts or claims or expenses of administration."

There is no need to attempt to harmonize the cases cited by each side by pointing out (a) that some of these cases involved rights of a creditor to hold security against the widow; (b) that some involved insolvent estates; and (c) that some contained broad statements without discussing the solvency of the estate, or rights of secured creditors as contra-distinguished from the right of widow to dower. The fact remains that § 167 of Act 140 of 1949 (the Probate Code Act), as now found in § 62-2908 Ark. Stats. Pocket Parts, has settled the questions here posed. That Section reads:

"As between the distributees, secured debts shall be discharged out of the general assets of the estate, subject to the right of the decedent to provide otherwise by will; provided nothing in this section shall preclude a secured creditor from having recourse to his security for satisfaction of the debt."[2]

---

[2] The comment of the Committee that drafted the Probate Code is contained in the Annotated Edition of Ark. Stats. immediately following the above section, and reads: "It is believed that the intention of a decedent who has incurred indebtedness secured by a mortgage or pledge is more likely to be accomplished by the discharge of the indebtedness out of the general estate as he would have done had he lived, than by requiring the indebtedness to be paid out of the mortgaged security. The holder of the lien could have, in any event, filed his claim against the estate and this declaration of policy merely precludes a subrogation suit by reason of the payment of a secured debt, since the intention of the testator or decedent might not have contemplated any such re-allocation of his assets. This is particularly true in the case of homesteads which under intestacy law would pass to a widow whose interest might be limited from the standpoint of time, and any contrary view might well place upon her a burden which would exceed her homestead benefits."

Both the widow and the heirs at law are distributees of the estate, within the purview of the quoted section[3]; and, as between them, the secured debts are to be discharged out of the general estate. In this case, there was no will, the estate was entirely solvent, and the secured creditor did not pursue the security for the satisfaction of the debt: therefore, it follows that the Probate Court was correct in giving the widow her dower in the full 2,000 shares of stock specifically here involved. On this question, the Probate Judgment is affirmed.

II. *The Widow's Dower Must Bear Its Proportionate Share of The Federal Estate Taxes.* The Probate Court held that the widow's share of the Brewer estate was not to be charged with any part of the Federal estate taxes. That holding was erroneous. In the case of *Williamson* v. *Williamson,* 224 Ark. 141, 272 S.W. 2d 72, we decided this identical question contrary to the Probate judgment here in question. When we had the Williamson case under consideration, the parties to the present litigation called this pending case to our attention, and we read and studied the briefs herein. Our opinion in the Williamson case contains the reasons why we hold that the widow's dower in the Brewer estate is to be charged with the proportionate share of the Federal estate tax. On this tax question, therefore, the judgment of the Garland Probate Court is reversed; and the cause is remanded, with directions to proceed in accordance with this opinion.

Mr. Justice WARD concurs.

PAUL WARD, Associate Justice (concurring). I agree with the result reached by the majority but feel that a misapplication has been made of Ark. Stats. 62-2908 in the first portion of the opinion. The real issue is whether the widow takes her portion with or without the secured debts being deducted. Stated another way, does the

---

[3] Section 3 (g) of the said Probate Code (as found in § 62-2003, Ark. Stats. Cum. Pocket Parts) says: " 'Distributee' denotes a person entitled to real or personal property of a decedent, either by will, as an heir, or as a surviving spouse."

widow, in this case, get approximately $14,000.00 more than the appellants think she is entitled to receive?

As contrasted to the above, the issue is NOT: Did the Administratrix proceed properly by discharging the secured debt with assets of the estate instead of selling the 2,000 shares of stock and paying the debt out of the proceeds?

It is to the latter question only that § 62-2908 has any relation.

Furthermore it seems to me that the majority opinion uses language in connection with said statute which might be misleading. After quoting the statute, it is stated: "Both the widow and the heirs at law are distributees of the estate . . . and, as between them, the secured debts are to be discharged out of the general assets." This could be interpreted to mean, though I am confident the majority did not so intend, that the widow and heirs take on the same basis, or that the widow takes her portion *after* the debts are paid—meaning less the debts. The Probate Code says that a widow and heirs are all distributees, but I feel sure that does not mean they are in the same category relative to debts of the decedent.