Edwin Eugene BRUNS, Executor of the Estate of
William J. LOTZ, Deceased *v.* Goldie LOTZ

73-56                                          496 S.W. 2d 376

Opinion delivered June 18, 1973

*Walls, McAllister, Wade & Burke,* for appellant.

*Davis, Reed & Douglas,* for appellee.

Lyle Brown, Justice. The facts are brief and undisputed. In 1966 William J. Lotz, a single person, acquired title to real estate subject to an existing indebtedness secured by a mortgage to Fayetteville Building and Loan Association. Mr. Lotz assumed that debt. He subsequently married appellee. Mr. Lotz died testate in 1969, at which time the balance due on the mortgage debt was $17,545. The decedent's estate was solvent. Building & Loan did not file a claim. The widow elected to take against the will. She petitioned that the mortgage debt be paid from the general assets of the estate and that she be allowed her full dower in the property that is subject to the mortgage. The trial court agreed with Mrs. Lotz. The correctness of that decision is the sole issue on appeal.

The trial court based its opinion on Ark. Stat. Ann. § 62-2908 (Repl. 1971) and on our holding in *Wilcox* v. *Brewer,* 224 Ark. 546, 274 S.W. 2d 777 (1955). The cited statute and a significant portion of the committee comment are as follows:

As between the distributees, secured debts shall be discharged out of the general assets of the estate, sub-

ject to the right of a decedent to provide otherwise by his will; provided nothing in this section shall preclude a secured creditor from having recourse to his security for satisfaction of the debt.

Committee Comment. It is believed that the intention of a decedent who has incurred indebtedness secured by a mortgage or pledge is more likely to be accomplished by the discharge of the indebtedness out of the general estate as he would have done had he lived, than by requiring the indebtedness to be paid out of the mortgaged security.

In *Wilcox* we held that when the estate is solvent the widow, under § 62-2908, was entitled to take dower in full in pledged stock certificates after the debt had been discharged out of the general estate. With respect to a number of cases cited by appellant we quote a statement from *Wilcox* which is apropos here:

There is no need to attempt to harmonize the cases cited by each side by pointing out (a) that some of these cases involved rights of a creditor to hold security against the widow; (b) that some involved insolvent estates; and (c) that some contained broad statements without discussing the solvency of the estate, or rights of secured creditors as contra-distinguished from the right of widow to dower. The fact remains that § 167 of Act 140 of 1949 (the Probate Code Act), as now found in § 62-2908, has settled the questions here posed.

Affirmed.