Kathleen BALFANZ *v.* ESTATE OF Glen F. BALFANZ,
Deceased

CA 89-362                                              787 S.W.2d 699

Court of Appeals of Arkansas
Division I
Opinion delivered April 25, 1990

*Larry W. Horton*, for appellant.

*Evans, Farrar, Reis & Love*, by: *Kenneth P. Elser*, for appellee.

JAMES R. COOPER, Judge. The appellant in this probate case is the surviving wife of Glen F. Balfanz, who was also survived by two children of another marriage, Judith Palmer and Glen Balfanz, Jr. The decedent's will provided for his entire estate to pass in trust for life for the benefit of the appellant, with the remainder to pass to his son, Glen Balfanz, Jr. The only asset in the decedent's estate which was subject to probate was a Merrill Lynch Cash Management Account consisting of stocks and securities having a date of death value of $150,057.00. The account had a margin indebtedness against it of $83,378.26,

leaving a net value of $66,678.74. The appellant elected to take against the will, and asserted entitlement under the dower statute to one-third of the gross value of the account without deduction for the margin indebtedness. The probate court rejected this argument and concluded that, because the estate had no general assets from which to pay the margin indebtedness, the appellant was entitled to dower only in the net value of the account. Accordingly, the probate court awarded the appellant dower in the amount of $22,224.00. From that decision, comes this appeal.

For reversal, the appellant contends that the probate court erred in concluding that she was not entitled to one-third of the gross value of the stock in the account. We affirm.

The probate judge's conclusion that the appellant was entitled to dower only in the net value of the account after the margin indebtedness had been paid was based on *Hewitt* v. *Cox*, 55 Ark. 225, 15 S.W. 1026 (1891). *Hewitt* presented a question concerning a wife's dower in pledged personalty, specifically, whether bond indebtedness should be satisfied by the husband's administrator before the wife's dower interest in the bonds was calculated. The Arkansas Supreme Court held that:

> The wife does not acquire, by marriage, an inchoate right of dower in the personal property of her husband. He can sell, pledge, mortgage and dispose of it, free from any claim of hers, at pleasure. Her right to dower in it does not accrue until he dies, and then she only takes dower in such interest in it as he had at his death. All liens on it, when he died, take precedence of her dower. She takes dower subject to the liens existing at his death, and has no right to call on the administrator to redeem the property. She is entitled to one-third in value, or one-half if he leaves no children, as dower, and no more; and in the assignment of dower the husband's right to redeem should only be valued in the appraisement of the encumbered property.

*Hewitt* v. *Cox*, 55 Ark. at 236 (citations omitted).

The appellant argues that *Hewitt* effectively has been overruled by subsequent cases holding that the whole of the personal estate must be considered in determining dower. She principally relies on *Wilcox* v. *Brewer*, 224 Ark. 546, 274 S.W.2d

777 (1955), which held that, as between a widow and the heirs at law of an estate which has sufficient general assets to pay all debts, the widow takes dower in the full value of stock pledged to secure a debt without reduction for the indebtedness, which is to be discharged out of the general assets of the estate.

The *Wilcox* Court reached this result in reliance on Act 140 of 1949, now codified at Ark. Code Ann. § 28-53-113 (1987), which provides that:

> As between the distributees, secured debts shall be discharged out of the general assets of the estate, subject to the right of the decedent to provide otherwise by will. However, nothing in this section shall preclude a secured creditor from having recourse to his security for satisfaction of the debt.

*See Wilcox*, 224 Ark. at 548. However, both *Wilcox* and Ark. Code Ann. § 28-53-113 (1987) are applicable only in cases where secured debts may be discharged out of the "general assets" of the estate, defined as "unpledged personal property of the estate." *Wilcox*, 224 Ark. at 547, n. 1. The estate in the case at bar consists only of the Merrill Lynch account which secures the margin indebtedness. Here, there are no general assets from which to discharge the indebtedness, and neither *Wilcox* nor Ark. Code Ann. § 28-53-113 (1987) is applicable.

The appellant also cites *Whitener* v. *Whitener*, 227 Ark. 1038, 304 S.W.2d 260 (1957), for the proposition that she is entitled to her dower interest absolutely as against collateral heirs. However, the *Whitener* Court based its decision on Ark. Stat. Ann. § 61-206 (1947), now codified at Ark. Code Ann. § 28-11-307 (1987), which defines the dower interest of a wife when the decedent leaves no children, and which provides that under such circumstances she is entitled to one-half of the personal estate absolutely as against collateral heirs. In contrast, the case at bar involves the extent of a wife's dower interest where the decedent did leave a surviving child, a question to be resolved by reference to Ark. Code Ann. § 28-11-305 (1987), and the cases which have construed it. *See Thompson* v. *Union & Mercantile Trust Co.*, 164 Ark. 411, 262 S.W. 324 (1924); *Hewitt* v. *Cox*, *supra*. Here, where the decedent left surviving children, the estate possessed no general assets, and the property was security

74

for a debt incurred prior to the decedent's death, we hold that *Hewitt* is controlling, and that the probate judge did not err in awarding the appellant dower limited to the net value of the account.

Affirmed.

CORBIN, C.J., and MAYFIELD, J., agree.